Brent P. Lorimer (3731)
*blorimer@wnlaw.com*
Thomas R. Vuksinick (3341)
*tvuksinick@wnlaw.com*
David R. Todd (8004)
*dtodd@wnlaw.com*
Matthew A. Barlow (9596)
*mbarlow@wnlaw.com*
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiff
EVTECH MEDIA, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| EVTECH MEDIA, LLC, a Utah limited liability company,<br><br>           Plaintiff,<br><br>     v.<br><br>ZURIXX, LLC, a Utah limited liability company, FINANCIAL MEDIA GROUP, LLC dba FLIPPING FORMULA, a Utah limited liability company, PETER SOUHLERIS, an individual, DAVE SEYMOUR, an individual, MARC HRISKO, an individual, LISA ANDERSON, an individual, and MITCH JOHNSON, an individual,<br><br>           Defendants. | Civil Action No: 2:13-cv-00621-DBP<br><br><br>**COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION, (3) UTAH STATE LAW UNFAIR COMPETITION, (4) UTAH STATE LAW DECEPTIVE TRADE PRACTICES, (5) COMMON LAW TRADEMARK INFRINGEMENT, AND (6) BREACH OF CONTRACT**<br><br><br>Magistrate Judge Dustin B. Pead |

Plaintiff EvTech Media, LLC ("EvTech" or "Plaintiff") hereby complains against defendants Zurixx, LLC, Financial Media Group, LLC dba Flipping Formula, Peter Souhleris, Dave Seymour, Marc Hrisko, Lisa Anderson, and Mitch Johnson and for claims of relief alleges as follows:

## THE PARTIES

1.      EvTech Media, LLC is a Utah limited liability company organized and existing under the laws of the State of Utah with its principal place of business located at 751 Quality Drive, Suite 200, American Fork, Utah 84003.

2.      Upon information and belief, defendant Zurixx, LLC ("Zurixx") is a Utah limited liability company organized and existing under the laws of the State of Utah with its principal place of business located at 6465 South 3000 East, Salt Lake City, Utah 84121.

3.      Upon information and belief, defendant Financial Media Group, LLC dba Flipping Formula ("Flipping Formula") is a Utah limited liability company organized and existing under the laws of the State of Utah with its principal place of business located at 6465 South 3000 East, Suite 203, Holladay, Utah 84121.

4.      Upon information and belief, defendant Peter Souhleris ("Souhleris") is a resident of the State of Massachusetts.

5.      Upon information and belief, defendant Dave Seymour ("Seymour") is a resident of the State of Massachusetts.

6.      Upon information and belief, defendant Marc Hrisko ("Hrisko") is a resident of the State of Virginia.

7.      Upon information and belief, defendant Lisa Anderson ("Anderson") is a resident of the State of Utah.

8.      Upon information and belief, defendant Mitch Johnson ("Johnson") is a resident of the State of Utah.

## JURISDICTION AND VENUE

9.      This is a civil action for copyright infringement arising under the Copyright Act 17 U.S.C. § 101 *et seq.* and trademark infringement and unfair competition  arising under the Lanham Act of 1946, as amended, 15 U.S.C. § 1052, *et seq.*

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. §1367(a) because they arise out of the same occurrences alleged in the Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

11.     This Court has personal jurisdiction over Zurixx because Zurixx is a company registered to transact business in the State of Utah, holds its principal place of business in Utah, and has purposely availed itself of the privileges and benefits of the laws of the State of Utah.

12.     This Court has personal jurisdiction over Flipping Formula because Flipping Formula is a company registered to transact business in the State of Utah, holds its principal place of business in Utah, and has purposely availed itself of the privileges and benefits of the laws of the State of Utah.

13.     This Court has general jurisdiction over Peter Souhleris and Dave Seymour due to their continuous and systematic contacts with the State of Utah, including but not limited to their association with Zurixx and their business activities in Park City, Utah.

14.     This Court has personal jurisdiction over Anderson and Johnson because they reside within this judicial district.

15.     This Court has personal jurisdiction over Hrisko because he has consented to jurisdiction in this judicial district by way of the Workshop Team Independent Contractor Agreement, as set forth below, and the claims related to Hrisko arise out of or relate to that agreement.   Moreover, Hrisko has had regular and systematic contacts with the State of Utah that are related to the claims alleged herein against him, including but not limited to, his association with EvTech, its predecessor, and Zurixx.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

**A.     Defendants' Copyright Infringement**

17.     EvTech is a preeminent provider of real estate education services and materials for use in connection with such services.

18.     As part of its real estate education services, EvTech distributes a workbook to teach its customers its methods for investing in real estate.  This workbook is entitled "Yancey Events Three Day Workshop Workbook." (A true and correct copy of the Yancey Events Three Day Workshop Workbook is attached hereto as Exhibit A.)

19.     EvTech owns the copyright in the Yancey Events Three Day Workshop Workbook.

4

20.     EvTech filed an application for registration of the copyright in the Yancey Events Three Day Workshop Workbook, and on May 30, 2013 was granted registration of the same, which was assigned Copyright Registration No. TX0007685525 (the "'525 Registration").  (A true and correct copy of the certificate of registration for the '525 Registration is attached hereto as Exhibit B.)

21.     Upon information and belief, Zurixx and Flipping Formula have copied the Yancey Events Three Day Workshop Workbook and produced a substantially similar workbook they call the "The Flipping Formula Three Day Workshop" ("the Flipping Formula Workbook"). (A true and correct copy of the Flipping Formula Workbook is attached hereto as Exhibit C.)

22.     Upon information and belief, Zurixx, Flipping Formula, and Hrisko and/or Anderson distribute the Flipping Formula Workbook to their customers as part of their real estate education services.

23.     Upon information and belief, Hrisko has prepared a presentation that is a derivative work of the Flipping Formula Workbook and publicly displays that presentation to customers of Zurixx and Flipping Formula.

**B.      Copying of the EvTech Business Methods and Materials**

24.     EvTech has developed a unique business model to market and sell real estate education services.  EvTech implements this unique business model on behalf of its clients, including Edge 2 Real Estate, LLC dba Yancey Events ("Yancey Events").

25.     EvTech's business model includes the use of a free preview seminar to draw and generate interest among prospective customers. The preview has both a real estate portion and a tax lien portion.  EvTech designs and prepares direct mail pieces to generate awareness and

interest in the previews and schedules speakers to present at the previews.  EvTech provides presentation slides for both the real estate and tax lien portions of the preview.  EvTech has a particular schedule of times of the year in which it advertises, uses direct mailing, and then presents previews in particular locations.

26.     EvTech's business model also includes the use of a paid three-day workshop to further educate customers.  Attendees at a free preview can choose to attend the three-day workshop to learn about real estate concepts and strategies.  EvTech schedules speakers to present at the workshops and provides the copyrighted Yancey Events Three Day Workshop Workbook for distribution and use at the workshops.

27.     EvTech's business model also includes the use of a more expensive real estate educational seminar held in Las Vegas and marketed under the name "Buying Summit" to teach advanced skills and techniques to customers.

28.     The business model that EvTech has developed for Yancey Events also includes the use of Scott and Amie Yancey, the stars of "Flipping Vegas," an A&E television show about "flipping" real estate, to promote and to endorse EvTech's real estate education seminars. EvTech uses images and the persona of the Yanceys on direct mail pieces, on posters and in introductory videos at the previews, on posters and in introductory videos at the three-day workshops, and on posters and other materials at the "Buying Summit" seminar.  EvTech also arranges for the Yancey's to appear live at the Buying Summit .

29.     EvTech's business model also consists of materials developed to market and sell its real estate education seminar business, including the copyrighted Yancey Events Three Day Workshop Workbook, a unique envelope in which direct mail pieces are sent, slide presentations

6

used at the preview seminars, a warranty offered to customers, and EvTech's pricing model. (The business activities and materials of EvTech set forth in paragraphs 24-28 are collectively referred to herein as the "EvTech Business Methods and Materials.")

30.     James Carlson, the principal of Zurixx, once held an ownership interest in, was an officer in, and served as general counsel to, EvTech's predecessor and its related entities.

31.      Mr. Carlson left EvTech's predecessor in October 2011 and shortly thereafter founded Zurixx to compete directly with EvTech, in violation of a contractual obligation not to compete.

32.     Zurixx and/or Flipping Formula immediately copied the EvTech business model, which Mr. Carlson had learned while at EvTech, which Zurixx and/or Flipping Formula market under the name "The Flipping Formula."

33.     Like EvTech, Zurixx and/or Flipping Formula use a free preview seminar to draw and generate interest among prospective customers. Like EvTech's preview, Zurixx's and/or Flipping Formula's preview has both a real estate portion and a tax lien portion.  Like EvTech, Zurixx and/or Flipping Formula design and prepare direct mail pieces to generate awareness and interest in the previews and schedules speakers to present at the previews.  Zurixx and/or Flipping Formula use some of the same elements in its presentation slides as EvTech for both the real estate and tax lien portions of the preview.  Upon information and belief, Zurixx and/or Flipping Formula have adopted substantially the same locations and order of locations as EvTech in which Zurixx and/or Flipping Formula advertise, use direct mailing, and then present previews, with their time schedule being only about one to two months ahead of EvTech's time schedule in some markets.

7

34.     Like EvTech, Zurixx's and/or Flipping Formula's business model also includes the use of a paid three-day workshop to provide further education regarding real estate concepts and strategies to those preview attendees who choose to attend.  At its workshop, Zurixx and/or Flipping Formula provide the Flipping Formula Workbook at the workshop, which is a substantial copy of the copyrighted Yancey Events Three Day Workshop Workbook which EvTech provides for use at its workshops.

35.     Like EvTech, Zurixx's and/or Flipping Formula's business model also includes the use of a more expensive real estate educational seminar held in Las Vegas and marketed under the name "Buying Summit" to teach advanced skills and techniques to their customers.

36.     Just as EvTech's business model relies on the use of Scott and Amie Yancey, the stars of the A&E television show "Flipping Vegas," to promote and to endorse EvTech's real estate education seminars, Zurixx and/or Flipping Formula have hired and rely on Peter Souhleris and Dave Seymour of the show "Flipping Boston"—also on the A&E channel and also a show about "flipping" real estate—to promote and to endorse Zurixx's and/or Flipping Formula's real estate education seminars.  Like EvTech, Zurixx and/or Flipping Formula use images and the personas of Souhleris and Seymour on direct mail pieces, on posters and in introductory videos at the previews, on posters and in introductory videos at the three-day workshops, on posters and other materials at the Buying Summit, and Seymour and Souhleris appear live at Zurixx's and/or Flipping Formula's Buying Summit.

37.     Zurixx and/or Flipping Formula use the same type of envelope as EvTech for sending direct mail pieces, offer the same warranty as EvTech (copied nearly verbatim),  and use the same pricing model as EvTech.  (True and correct copies of EvTech's and Zurixx's direct

8

mail piece envelopes are attached hereto as Exhibit D.  True and correct copies of EvTech's and

Zurixx's warranties are attached hereto as Exhibit E.  True and correct copies of EvTech's and

Zurixx's pricing model are attached hereto as Exhibit F.)

38.     There has been actual confusion indicating that consumers of EvTech's business

model believe that Zurixx's and/or Flipping Formula's services originate with EvTech.

39.     Hrisko is a presenter at Zurixx's and/or Flipping Formula's Three Day Workshop

at which he makes reference to, distributes, and uses the Flipping Formula Workbook.

40.     Upon information and belief, Anderson works in concert with Hrisko at Zurixx's

and/or Flipping Formula's Three Day Workshop and participates in the distribution of the

Flipping Formula Workbook.

41.     Upon information and belief, Johnson is a presenter at Zurixx's and/or Flipping

Formula's free preview.

**C.     Zurixx's and Flipping Formula's Infringement of the "BUYING SUMMIT" Trademark**

42.     Since at least as early as September 2010, EvTech and its predecessor have used

the mark "BUYING SUMMIT" in connection with its advanced skills education meeting ("the

BUYING SUMMIT Mark").

43.     EvTech's BUYING SUMMIT Mark is used to distinguish its goods and services

from those of others in the marketplace.

44.     EvTech's BUYING SUMMIT Mark is distinctive and/or has acquired secondary

meaning.

45.     Without permission from EvTech, Zurixx and/or Flipping Formula have used and continue to use the BUYING SUMMIT Mark on goods and services that compete directly with EvTech.

46.     Upon information and belief, Flipping Formula maintains a website at www.flippingformula.com ("the Website").

47.     At the Website, Flipping Formula advertises a three day event it calls the BUYING SUMMIT, which competes directly with the educational seminars offered by EvTech.

48.     Flipping Formula has not sought or obtained permission or license from EvTech to use the BUYING SUMMIT Mark.

49.     Upon information and belief, Souhleris and Seymour personally promote, endorse, and advertise the three-day event called the "BUYING SUMMIT" at Zurixx's and/or Flipping Formula's workshop events.

50.     Upon information and belief, Souhleris and Seymour are featured speakers at the "BUYING SUMMIT" event, where they use the name or mark "BUYING SUMMIT" in commerce and derive an economic benefit therefrom.

**D.     Hrisko's, Anderson's, and Johnson's Breach of the Workshop Team Independent Contractor Agreement**

51.     Defendants Hrisko and Anderson were independent contractors of EvTech until December 9, 2012.

52.     Defendant Johnson was an independent contractor of EvTech until December 23, 2012.

53.     On February 6, 2012, Hrisko executed the Workshop Team Independent Contractor Agreement, which set forth his duties, obligations, and remuneration as an

independent contractor of EvTech. (A true and correct copy of the Workshop Team Independent Contractor Agreement executed by Hrisko is attached hereto as Exhibit G.)

54.     On February 7, 2012, Anderson executed the Workshop Team Independent Contractor Agreement, which set forth her duties, obligations, and remuneration as an independent contractor of EvTech. (A true and correct copy of the Workshop Team Independent Contractor Agreement executed by Anderson is attached hereto as Exhibit H.)

55.     On October 30, 2012, Johnson executed the Workshop Team Independent Contractor Agreement, which set forth his duties, obligations, and remuneration as an independent contractor of EvTech. (A true and correct copy of the Workshop Team Independent Contractor Agreement executed by Johnson is attached hereto as Exhibit I.)

56.     The Workshop Team Independent Contractor Agreements signed by Hrisko, Anderson, and Johnson were identical with regards to the duties and obligations imposed on Hrisko, Anderson, and Johnson.

57.     The Workshop Team Independent Contractor Agreement dictates that "any litigation between the parties shall take place in the applicable courts located in Utah County, Utah, which state and federal courts shall have exclusive jurisdiction over this Agreement, and the parties expressly consent to such jurisdiction and venue."  (*See* Exhibits D, E, and F, Section 12(i).)

58.     The Workshop Team Independent Contractor Agreement defines Confidential Information as "all business activity, information, procedures, knowledge, …the curriculum, training materials, marketing materials, education or any other information concern [*sic*] the Company's business[.]"  (*See* Exhibits D, E, and F, p. 1.)

59.     The Yancey Events Three Day Workshop Workbook constitutes "curriculum, training materials, [and] marketing materials," and as such, constitutes "Confidential Information" of EvTech under the Workshop Team Independent Contractor Agreement.

60.     The EvTech Business Methods and Materials constitute "business activity, information, procedures, knowledge, …curriculum, training materials, marketing materials, education, [and/or] other information" concerning EvTech's business and, as such, constitutes "Confidential Information" of EvTech under the Workshop Team Independent Contractor Agreement.

61.     Section 6 of the Workshop Team Independent Contractor Agreement states that "Contractor agrees that during and after termination of this Agreement, Contractor shall not at any time or in any manner, either directly or indirectly divulge, disclose, transfer, use, copy, or communicate Company Information to any person, firm, or entity in any manner whatsoever[.]" The context of Section 6 indicates that "Company Information" includes, at least, Confidential Information.

62.     Upon leaving EvTech, Hrisko, Anderson, and Johnson began to work for Zurixx in substantially the same capacity and performing substantially the same function for Zurixx as they did for EvTech.

63.     Upon information and belief, Hrisko and Anderson have used and continue to use a workbook that is substantially similar to the copyrighted Yancey Events Three Day Seminar Workshop Workbook, in direct violation of the Workshop Team Independent Contractor Agreement.

64.     Upon information and belief, Hrisko, Anderson, and Johnson have used and continue to use methods and materials that are substantially similar to methods and materials that form part of the EvTech Business Methods and Materials, in direct violation of the Workshop Team Independent Contractor Agreement.

65.     Section 7 of the Workshop Team Independent Contractor Agreement states that "Nothing in this Agreement shall provide Contractor any right or authorization to use any Intellectual Property or Work Product of the Company, including that created under this Agreement, or any of the Company's suppliers or vendors, and Contractor agrees not to use any such items."

66.     Upon information and belief, Hrisko and Anderson have used the Intellectual Property and/or Work Product of EvTech while employed by Zurixx, including copyrighted materials owned by EvTech such as the Yancey Events Three Day Seminar Workshop Workbook, or materials derived therefrom, in direct violation of the Workshop Team Independent Contractor Agreement.

67.     Section 8 of the Workshop Team Independent Contractor Agreement states that "Contractor agrees during the term of this Agreement and for two (2) years thereafter, he or she will not: … (ii) interfere with the Company or its business, or …(v) provide any products or services related to real estate, tax liens, tax deeds, internet opportunities, or any other financial education topic[.]"

68.     Upon information and belief, Hrisko, Anderson, and Johnson have interfered and are interfering with EvTech and its business by working for a directly competing company, and are providing services on behalf of Zurixx that relate to real estate, tax liens, tax deeds, internet

opportunities, and/or other financial topics, in direct violation of the Workshop Team

Independent Contractor Agreement.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement, 17 U.S.C. § 501**
**(Against Zurixx, Flipping Formula, Hrisko, and Anderson)**

69.     By this reference EvTech realleges and incorporates the foregoing paragraphs as

though fully set forth herein.

70.     EvTech is the owner of all rights in and to the copyright in the Yancey Events

Three Day Seminar Workshop Workbook as set forth in the '525 Registration.

71.     EvTech, as owner of all rights and interest in and to the copyright, is entitled to

exclusive rights to reproduce, distribute, publicly display, publish, and prepare derivative works

of the Yancey Events Three Day Seminar Workshop Workbook under the Copyright Act, 17

U.S.C. § 106.

72.     Upon information and belief, Zurixx and/or Flipping Formula had access to the

Yancey Events Three Day Workshop Workbook because Defendants Hrisko and Anderson,

together with Jim Carlson, principal of Zurixx, were formerly associated with EvTech and

utilized or had familiarity with the Yancey Events Three Day Workshop Workbook.

73.     Upon information and belief, the Flipping Formula Three Day Workshop

Workbook was copied from EvTech's copyrighted Yancey Events Three Day Workshop

Workbook.

74.     Upon information and belief, Zurixx, Flipping Formula, Hrisko, and/or Anderson

have copied and/or distribute the Flipping Formula Three Day Workshop Workbook to attendees

of the Flipping Formula Three Day Workshop.

14

75.     Upon information and belief, Hrisko has prepared a slide presentation that is a derivative work of the Flipping Formula Workbook and publicly displays that presentation to customers of Zurixx and/or Flipping Formula at their three-day workshop.  Hrisko's actions are attributable to Zurixx and/or Flipping Formula.

76.     Zurixx, Flipping Formula, Hrisko, and Anderson were not, and are not, authorized to copy, reproduce, distribute, publicly display, publish, or prepare derivative works that infringe EvTech's  rights in the copyright registered in the '525 Registration.

77.     Zurixx's, Flipping Formula's, Hrisko's, and/or Anderson's acts of copying, reproduction, publication, preparation of derivative works, and public display of the Flipping Formula Workbook and/or derivative works thereof violate EvTech's exclusive rights granted by 17 U.S.C. § 106, and constitute infringement under 17 U.S.C. § 501.

78.     Hrisko and Anderson, together with Jim Carlson, principal of Zurixx, were formerly associated with EvTech or its related entities and utilized or had familiarity with the Yancey Events Three Day Workshop Workbook.  As a result, Zurixx, Flipping Formula, and Hrisko were aware of EvTech's rights in the copyright to the Yancey Events Three Day Workshop Workbook and had reason to believe that its acts constituted an infringement of EvTech's copyright, thereby rendering Zurixx's and/or Flipping Formula's, and Hrisko's infringement willful.

79.     By reason of Zurixx's Flipping Formula's, Hrisko's, and/or Anderson's infringement, EvTech has sustained, and will continue to sustain substantial injury, loss, and damage to its ownership rights in its copyrighted workbook.

80.     Further, irreparable harm to EvTech is imminent as a result of Zurixx's, Flipping Formula's, Hrisko's, and/or Anderson's conduct, and EvTech is without and adequate remedy at law.  EvTech is therefore entitled to an injunction restraining Hrisko, Anderson, Zurixx, Flipping Formula, their officers, directors, agents, employees, representatives, and all persons operating in concert with them from engaging in further such acts of copyright infringement, pursuant to 17 U.S.C. § 502.

81.     EvTech is further entitled, during the pendency of this action, to an order from the Court impounding all copies of the Flipping Formula Workbook and the slide presentation derived from the Flipping Formula Workbook, and, as part of the Court's final judgment or decree, an order that all copies of the Flipping Formula Workbook and the derivative slide presentation be destroyed pursuant to 17 U.S.C. § 503.

82.     EvTech is further entitled to recover the actual damages suffered as a result of the infringement in an amount to be proven at trial, along with Zurixx's,  Flipping Formula's, Hrisko's, and/or Anderson's profits that are attributable to the infringement pursuant to 17 U.S.C. § 504, along with EvTech's costs and attorney's fees, pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**Federal Unfair Competition**
**(Against Zurixx, Flipping Formula, Hrisko, Anderson, Johnson)**

83.     By this reference, EvTech realleges and incorporate the foregoing paragraphs as though fully set forth herein.

84.     EvTech's Business Methods and Materials have acquired secondary meaning so that to the consuming public they have come to identify EvTech as the source of EvTech's Business Methods and Materials.

85.     Upon information and belief, Zurixx and/or Flipping Formula, Hrisko, Anderson, and Johnson are using EvTech's Business Methods and Materials.

86.     Zurixx's and/or Flipping Formula's, Hrisko's, Anderson's, and Johnson's use of the EvTech Business Methods and Materials is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of them with EvTech, or as to the origin, sponsorship, or approval of their goods, services, or commercial activities by EvTech, and thus constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

87.     Upon information and belief, Zurixx and/or Flipping Formula, Hrisko, Anderson, and Johnson were aware of the EvTech Business Methods and Materials when they committed their acts of copying and infringement in willful and flagrant disregard of EvTech's lawful rights.

88.     Upon information and belief, Zurixx and/or Flipping Formula, Hrisko, Anderson, and Johnson intend to cause confusion and mistake and intend to deceive the buyers of products offered or sold using or in connection with the EvTech Business Methods and Materials into believing that they are buying products produced by, marketed by, sponsored by, approved of or licensed by EvTech.

89.     Upon information and belief, Zurixx and/or Flipping Formula, Hrisko, Anderson, and Johnson will, if not enjoined by this Court, continue in its acts of unfair competition by the use of the false designations and false representations set forth above.  Such improper acts by Zurixx and/or Flipping Formula, Hrisko, Anderson, and Johnson have caused, and will continue to cause, EvTech immediate and irreparable harm.

90.     As a result of Zurixx's and/or Flipping Formula's, Hrisko's, Anderson's, and Johnson's acts of unfair competition as set forth above, EvTech has suffered damages, the exact amount of which will be proven at trial.

91.     Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, EvTech is entitled to a judgment for damages not to exceed three times the amount of its actual damages, together with interest thereon, in an amount to be determined at trial.

92.     EvTech has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless Zurixx, Flipping Formula, Hrisko, Anderson, and Johnson are permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

**THIRD CLAIM FOR RELIEF**
**Utah State Law Unfair Competition**
**(Against Zurixx and Flipping Formula)**

93.     By this reference, EvTech realleges and incorporate the foregoing paragraphs as though fully set forth herein.

94.     Zurixx and/or Flipping Formula, by its actions set forth hereinabove, have engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent and that have caused a material diminution in the value of the copyright identified in the '595 Registration, which is defined as an act of unfair competition under Utah Code Ann. § 13-5a-102(4).

95.     Zurixx's and/or Flipping Formula's conduct as set forth hereinabove gives rise to a cause of action for unfair competition and related wrongs under the statutory and common law of the State of Utah and other states, including at least Utah Code Ann. § 13-5a-101, *et seq.*

96.     By reason of the foregoing, EvTech has suffered damages and irreparable harm.

97.     By reason of the foregoing, EvTech is entitled to actual and punitive damages from Zurixx and Flipping Formula, along with its attorneys' fees and costs pursuant to at least Utah Code Ann. § 13-5a-103(1)(b) as more fully set forth hereinbelow.

### FOURTH CLAIM FOR RELIEF
### Utah State Law Deceptive Trade Practices
### (Against Zurixx and Flipping Formula)

98.     By this reference EvTech realleges and incorporates the foregoing paragraphs as though fully set forth herein.

99.     Zurixx and/or Flipping Formula, by their actions as set forth above, have caused a likelihood of confusion or of misunderstanding as to the source of its products and services and have thereby engaged in a deceptive trade practice, pursuant to Utah Code Ann. § 13-11a-3(1)(b).

100.    Zurixx's and/or Flipping Formula's conduct as set forth herein gives rise to a cause of action for deceptive trade practices and related wrongs under the statutory and common law of the State of Utah, including at least Utah Code Ann. § 13-11a-4(2)(a).

101.    On information and belief, Zurixx and/or Flipping Formula have engaged in deceptive trade practices against EvTech in willful and deliberate disregard of EvTech's rights and those of the consuming public.

102.    By reason of Zurixx's and/or Flipping Formula's acts of deception, EvTech has suffered damage and irreparable harm.

103.    Accordingly, EvTech is entitled to injunctive and monetary relief against Zurixx and/or Flipping Formula, pursuant to at least Utah Code Ann. § 13-11a-4(2)(a) and (b).

**FIFTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement**
**(Against Zurixx, Flipping Formula, Souhleris, Seymour)**

104.     By this reference, EvTech realleges and incorporate the foregoing paragraphs as though fully set forth herein.

105.     EvTech is the owner of the BUYING SUMMIT Mark, and the consuming public recognizes the BUYING SUMMIT Mark as being distinctive, and as an identifier of the high quality services associated with EvTech.

106.     The BUYING SUMMIT Mark is distinctive and has acquired secondary meaning.

107.     Notwithstanding EvTech's well-known prior rights in the BUYING SUMMIT Mark, Zurixx and Flipping Formula used and have continued to use the BUYING SUMMIT Mark while providing real estate education services that directly compete with EvTech and promoting those services on the Internet and through other media.

108.     Zurixx's and Flipping Formula's use of the BUYING SUMMIT Mark in connection with goods or services in commerce that directly compete with EvTech is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of such goods or services.

109.     Souhleris and Seymour also have used and continue to use the BUYING SUMMIT Mark while providing real estate education services that directly compete with EvTech.  In particular, Souhleris and Seymour have used and continue to use the BUYING SUMMIT Mark during and in promotion of the more expensive real estate educational seminar held by Zurixx and Flipping Formula in Las Vegas.

20

110.    Zurixx's and Flipping Formula's actions constitute trademark infringement under the common law of the State of Utah.

111.    Zurixx and Flipping Formula will continue, unless enjoined, to cause irreparable harm to EvTech and injury to the goodwill and reputation of EvTech.

112.    As a direct and proximate result of Zurixx's and Flipping Formula's wrongful acts, EvTech has also suffered pecuniary damages from Zurixx's and Flipping Formula's actions in an amount to be determined at trial.

**SIXTH CLAIM FOR RELIEF**
**Breach of Contract**
**(Against Defendants Hrisko, Anderson, and Johnson)**

113.    By this reference, EvTech realleges and incorporates the foregoing paragraphs as though fully set forth herein.

114.    The Workshop Team Independent Contractor Agreement is a contract entered into between EvTech and Hrisko on February 6, 2012.

115.    The Workshop Team Independent Contractor Agreement is a contract entered into between EvTech and Anderson on February 7, 2012.

116.    The Workshop Team Independent Contractor Agreement is a contract entered into between EvTech and Johnson on October 30, 2012.

117.    EvTech performed its obligations under the Workshop Team Independent Contractor Agreement by using the services of Hrisko, Anderson, and Johnson and compensating them therefor.

118.    Upon information and belief, Hrisko, Anderson, and Johnson have used and continue to use methods and materials that are substantially similar to methods and materials that

21

form part of the EvTech Business Methods and Materials, in direct violation of the Workshop Team Independent Contractor Agreement.

119.    Hrisko and Anderson breached the Workshop Team Independent Contractor Agreement at least by using the material comprising the Yancey Events Three Day Workshop Workbook in the course of their employment with Zurixx.

120.    Hrisko, Anderson, and Johnson further breached the Workshop Team Independent Contractor Agreement at least by interfering with EvTech or its business by virtue of their employment with Zurixx and their use of EvTech's Confidential Information while employed by Zurixx, and by providing services related to real estate, tax liens, tax deeds, internet opportunities, or any other financial education topic during the course of their employment with Zurixx.

121.    As a direct and proximate result of Hrisko's, Anderson's, and Johnson's breaches, EvTech has suffered and will continue to suffer irreparable injury.

122.    In addition and as a direct and proximate result of Hrisko's, Anderson's, and Johnson's breaches, EvTech has suffered and will continue to suffer general and special damages, including consequential damages, and in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, EvTech prays for entry of a final order and judgment that:

1.    Zurixx Flipping Formula, Hrisko, and Anderson be found to have infringed EvTech's rights in and to the copyright registered in the '595 Registration;

2.    EvTech be granted preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 enjoining Hrisko, Anderson, Zurixx, and Flipping Formula, their officers, agents,

22

servants, employees, and all those persons in active concert or participation with them from further acts of infringement of EvTech's copyrights;

3.      This Court issue an order impounding all copies of the Flipping Formula Workbook pursuant to 17 U.S.C. § 503;

4.      As part of final judgment, this Court order the destruction of all copies of the Flipping Formula Workbook pursuant to 17 U.S.C. § 503;

5.      EvTech be awarded its actual damages, together with Hrisko's, Anderson's, Zurixx's and/or Flipping Formula's profits that are attributable to Zurixx's infringement of the '595 Registration pursuant to 17 U.S.C. § 504;

6.      EvTech be awarded costs and attorney's fees under 17 U.S.C. § 505;

7.      Zurixx,  Flipping Formula, Hrisko, Anderson, and Johnson  be found to have committed acts of unfair competition in violation of 15 U.S.C. § 1125(a);

8.      An award of EvTech's damages and costs and Zurixx's and/or Flipping Formula's, Hrisko's, Anderson's, and Johnson's profits, under 15 U.S.C. § 117 for their acts of unfair competition;

9.      This case be declared exceptional and that EvTech be awarded its reasonable attorneys fees under 15 U.S.C. § 1117(a)(3);

10.     EvTech be granted permanent injunctive relief enjoining Hrisko, Anderson, and Johnson, Zurixx and/or Flipping Formula, their officers, agents, servants, employees, and all those persons in active concert or participation with any of them, from engaging in further acts of unfair competition, pursuant to 15 U.S.C. § 1116;

11.    Zurixx and/or Flipping Formula be found to have committed acts of unfair competition in violation of Utah State Law as set forth in Utah Code Ann. § 13-5a-101, *et seq.*

12.    EvTech be awarded its actual damages under Utah Code Ann. § 13-5a-103(b)(i);

13.    EvTech be awarded its costs and attorneys fees under Utah Code Ann. § 13-5a-103(b)(ii);

14.    EvTech be awarded punitive damages under Utah Code Ann. § 13-5a-103(b)(iii);

15.    Zurixx and/or Flipping Formula be found to have committed deceptive trade practices in violation of Utah State law as set forth in Utah Code Ann. § 13-11a-3(1)(b) and (c);

16.    EvTech be granted permanent injunctive relief enjoining Zurixx and Flipping Formula, their officers, agents, servants, employees, and all those persons in active concert or participation with any of them, from engaging in further acts of deceptive trade practices, pursuant to Utah Code Ann. § 12-11a-4-(2)(a);

17.    EvTech be awarded the greater of its actual damages sustained or $2,000, pursuant to Utah Code Ann. § 13-11a-4(2)(b);

18.    EvTech be awarded its costs and attorneys fees pursuant to Utah Code Ann. § 13-11a-4(2)(c);

19.    Zurixx, Flipping Formula, Souhleris, and Seymour be found to have infringed EvTech's BUYING SUMMIT Mark;

20.    EvTech be granted permanent injunctive relief enjoining Zurixx, Flipping Formula, Souhleris, and Seymour, their officers, agents, servants, employees, and all those persons in active concert or participation with any of them, from engaging in further acts of trademark infringement;

24

21.     EvTech be awarded damages in an amount to be proven at trial for Zurixx's, Flipping Formula's, Souhleris', and Seymour's acts of trademark infringement;

22.     Defendant Hrisko be found to have breached the Workshop Team Independent Contractor Agreement entered into between him and EvTech;

23.     An award of EvTech's damages including actual damages and the unjust enrichment to Hrisko as a result of his wrongful acts;

24.     An award of special damages, including consequential damages against Hrisko;

25.     An award of exemplary damages against Hrisko;

26.     Defendant Anderson be found to have breached the Workshop Team Independent Contractor Agreement entered into between her and EvTech;

27.     An award of EvTech's damages including actual damages and the unjust enrichment to Anderson as a result of her wrongful acts;

28.     An award of special damages, including consequential damages against Anderson;

29.     An award of exemplary damages against Anderson;

30.     Defendant Johnson be found to have breached the Workshop Team Independent Contractor Agreement entered into between her and EvTech;

31.     An award of EvTech's damages including actual damages and the unjust enrichment to Johnson as a result of his wrongful acts;

32.     An award of special damages, including consequential damages against Johnson;

33.     An award of exemplary damages against Johnson;

34.     An award of EvTech's costs in bringing this action;

35.      An imposition of constructive trust on, and an order requiring a full accounting of, Zurixx's and/or Flipping Formula's sales, profit, or other enrichment as a result of their wrongful acts;

36.      Prejudgment interest;

37.      Post-judgment interest pursuant to at least Utah Code § 15-1-4; and

38.      For such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

EvTech demands trial by jury on all claims and issues so triable.


DATED: July 2, 2013

Brent P. Lorimer
Thomas R. Vuksinick
David R. Todd
Matthew A. Barlow
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION


By  /s/ *Matthew A. Barlow*
    Matthew A. Barlow
    Attorneys for Plaintiff
    EVTECH MEDIA, LLC