**ANDERSON & KARRENBERG**
Stephen P. Horvat (#6249)
Heather M. Sneddon (#9520)
John A. Bluth (#9824)
50 West Broadway, Suite 700
Salt Lake City, Utah  84101
Tel:  (801) 534-1700
Fax:  (801) 364-7697
shorvat@aklawfirm.com
hsneddon@aklawfirm.com
jbluth@aklawfirm.com

**Attorneys for Defendant Mitch Johnson**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EVTECH MEDIA, LLC, a Utah limited liability company, | **ANSWER AND COUNTERCLAIM** |
| Plaintiff, | Case No. 2:13-cv-00621 |
| vs. | Judge Dee Benson |
| ZURIXX, LLC, a Utah limited liability company, FINANCIAL MEDIA GROUP, LLC DBA FLIPPING FORMULA, a Utah limited liability company, PETER SOUHLERIS, an individual, DAVE SEYMOUR, an individual, MARC HRISKO, an individual, LISA ANDERSON, an individual, and MITCH JOHNSON, an individual, | |
| Defendants. | |

Defendant Mitch Johnson, by and through counsel, hereby answer Plaintiff's Complaint as follows:

## THE PARTIES

1.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 1 of the Complaint, and therefore denies the same.

2.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 2 of the Complaint, and therefore denies the same.

3.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 3 of the Complaint, and therefore denies the same.

4.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 4 of the Complaint, and therefore denies the same.

5.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 5 of the Complaint, and therefore denies the same.

6.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 6 of the Complaint, and therefore denies the same.

7.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 7 of the Complaint, and therefore denies the same.

8.      Defendant admits the averments set forth in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      Defendant affirmatively avers that the Complaint speaks for itself and denies any averment contained in paragraph 9 that is inconsistent with the Complaint.

10.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 10 of the Complaint, and therefore denies the same.

11.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 11 of the Complaint, and therefore denies the same.

12.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 12 of the Complaint, and therefore denies the same.

13.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 13 of the Complaint, and therefore denies the same.

14.     Defendant admits the Court has personal jurisdiction over him.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 14 of the Complaint, and therefore denies the same.

15.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 15 of the Complaint, and therefore denies the same.

16.     Defendants admits that venue is proper with respect to himself.  The remaining averments of paragraph 16 of the Complaint are not directed at Defendant, and therefore he is not required to respond.

## FACTUAL BACKGROUND

17.     Defendant denies the averments set forth in paragraph 17 of the Complaint.

18.     Defendant admits that there is a document attached as Exhibit A to the Complaint. Defendant affirmatively avers that the terms of that document speak for themselves, and denies any averment in paragraph 18 of the Complaint that is inconsistent with the language of the document.  Defendant denies each and every remaining averment in paragraph 18 of the Complaint.

19.     Defendant denies the averments set forth in paragraph 19 of the Complaint.

20.     Defendant admits that there is a document attached as Exhibit B to the Complaint. Defendant affirmatively avers that the terms of that document speak for themselves, and denies any averment in paragraph 20 of the Complaint that is inconsistent with the language of the document.  Defendant denies each and every remaining averment in paragraph 20 of the Complaint.

21.     Defendant admits that there is a document attached as Exhibit C to the Complaint. Defendant affirmatively avers that the terms of that document speak for themselves, and denies any averment in paragraph 21 of the Complaint that is inconsistent with the language of the document.  Defendant denies each and every remaining averment in paragraph 21 of the Complaint.

22.     Defendant denies the averments set forth in paragraph 22 of the Complaint.

23.     Defendant denies the averments set forth in paragraph 23 of the Complaint.

24.     Defendants denies the averments set forth in paragraph 24 of the Complaint.

25.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 25 of the Complaint, and therefore denies the same.

26.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 26 of the Complaint, and therefore denies the same.

27.     Defendant is without sufficient information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 27 of the Complaint, and therefore denies the same.

28.     Defendant denies the averments set forth in paragraph 28 of the Complaint.

29.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 29 of the Complaint, and therefore denies the same.

30.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 30 of the Complaint, and therefore denies the same.

31.     Defendant is without sufficient information or knowledge Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 31 of the Complaint, and therefore denies the same.

32.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 32 of the Complaint, and therefore denies the same.

33.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 33 of the Complaint, and therefore denies the same.

34.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 34 of the Complaint, and therefore denies the same.

35.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 35 of the Complaint, and therefore denies the same.

36.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 36 of the Complaint, and therefore denies the same.

37.     Defendant admits that Exhibits D, E and F are attached to the Complaint. Defendant affirmatively avers that the terms of those documents speak for themselves, and denies any averment in paragraph 37 of the Complaint that is inconsistent with the language of

such documents.  Defendant is without sufficient information or knowledge as to the truth of the remaining averments set forth in paragraph 37 of the Complaint, and therefore denies the same.

38.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 38 of the Complaint, and therefore denies the same.

39.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 39 of the Complaint, and therefore denies the same.

40.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 40 of the Complaint, and therefore denies the same.

41.     Defendant admits the averments set forth in paragraph 41 of the Complaint.

42.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 42 of the Complaint, and therefore denies the same.

43.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 43 of the Complaint, and therefore denies the same.

44.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 44 of the Complaint, and therefore denies the same.

45.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 45 of the Complaint, and therefore denies the same.

46.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 46 of the Complaint, and therefore denies the same.

47.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 47 of the Complaint, and therefore denies the same.

48.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 48 of the Complaint, and therefore denies the same.

49.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 49 of the Complaint, and therefore denies the same.

50.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 50 of the Complaint, and therefore denies the same.

51.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 51 of the Complaint, and therefore denies the same.

52.     Defendant admits that he was an independent contractor for an entity owned and/or controlled by the principals of Plaintiff.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 52 of the Complaint, and therefore denies the same.

53.     Defendant admits that there is a document attached as Exhibit G to the Complaint. Defendant affirmatively avers that the terms of that document speak for themselves, and denies any averment in paragraph 53 of the Complaint that is inconsistent with the language of the document.  Defendant is without information or knowledge sufficient to form a belief as to the remaining averments in paragraph 53 of the Complaint.

54.     Defendant admits that there is a document attached as Exhibit H to the Complaint. Defendant affirmatively avers that the terms of that document speak for themselves, and denies any averment in paragraph 54 of the Complaint that is inconsistent with the language of the

document.  Defendant is without information or knowledge sufficient to form a belief as to the remaining averments in paragraph 54 of the Complaint.

55.     Defendant admits that there is a document attached as Exhibit I to the Complaint. Defendant affirmatively avers that the terms of that document speak for themselves, and denies any averment in paragraph 55 of the Complaint that is inconsistent with the language of the document.  Defendant is without knowledge or information sufficient to form a belief as to the remaining averments in paragraph 55 of the Complaint, and therefore denies the same.

56.     Defendant affirmatively avers that the terms of the documents attached as Exhibits G through I to the Complaint speak for themselves, and denies the remaining averments set forth in paragraph 56 to the extent they are inconsistent with the language of the documents. Defendant denies the remaining averments in paragraph 56 of the Complaint to the extent they are directed at him.  Defendant is without sufficient information or knowledge as to the remaining averments in paragraph 56 of the Complaint, and therefore denies the same.

57.     Defendant affirmatively avers that terms of the documents attached as Exhibits D to F to the Complaint speak for themselves, and deny the remaining averments in paragraph 57 of the Complaint to the extent they are inconsistent with the language of those documents.

58.     Defendant denies the averments set forth in paragraph 58 of the Complaint.

59.     Defendant denies the averments set forth in paragraph 59 of the Complaint.

60.     Defendant denies the averments set forth in paragraph 60 of the Complaint.

61.     Defendant denies the averments set forth in paragraph 61 of the Complaint.

62.     Defendant denies the averments set forth in paragraph 62 of the Complaint to the extent they are directed at him.  Defendant is without sufficient information or knowledge to form a belief as to truth of the remaining averments set forth in paragraph 62 of the Complaint.

63.     Defendant is without information or knowledge sufficient to form a belief as to the averments in paragraph 63 of the Complaint, and therefore denies the same.

64.     Defendant denies the averments set forth in paragraph 64 of the Complaint to the extent they are directed at him.  Defendant is without sufficient information or knowledge to form a belief as to truth of the remaining averments set forth in paragraph 64 of the Complaint.

65.     Defendant affirmatively avers that the terms of the documents attached as Exhibits G through I of the Complaint speak for themselves, and denies the remaining averments set forth in paragraph 65 of the Complaint to the extent they are inconsistent with those documents.

66.     Defendant denies the averments set forth in paragraph 66 of the Complaint to the extent they are directed at him.  Defendant is without sufficient information or knowledge to form a belief as to truth of the remaining averments set forth in paragraph 66 of the Complaint.

67.     Defendant denies the averments set forth in paragraph 67 of the Complaint.

68.     Defendant denies the averments set forth in paragraph 68 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement, 17 U.S.C. § 501**
**(Against Zurixx, Flipping Formula, Hrisko, and Anderson)**

69.     Defendant incorporates herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 68 of the Complaint.

9

70-82.  The averments in paragraphs 70-82 of the Complaint do not appear to be directed at Defendant, and for that reason Defendant need not respond.  To the extent those paragraphs have any bearing on any claim against Defendant, Defendant denies the averments of those paragraphs.

**SECOND CLAIM FOR RELIEF**
**Federal Unfair Competition**
**(Against Zurixx, Flipping Formula, Hrisko, Anderson, Johnson)**

83.     Defendant incorporates herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 82 of the Complaint.

84.     Defendant denies the averments set forth in paragraph 84 of the Complaint.

85.     Defendant denies the averments set forth in paragraph 85 of the Complaint.

86.     Defendant denies the averments set forth in paragraph 86 of the Complaint.

87.     Defendant denies the averments set forth in paragraph 87 of the Complaint.

88.     Defendant denies the averments set forth in paragraph 88 of the Complaint.

89.     Defendant denies the averments set forth in paragraph 89 of the Complaint.

90.     Defendant denies the averments set forth in paragraph 90 of the Complaint.

91.     Defendant denies the averments set forth in paragraph 91 of the Complaint.

92.     Defendant denies the averments set forth in paragraph 92 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**Utah State Law Unfair Competition**
**(Against Zurixx and Flipping Formula)**

93.     Defendant incorporates herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 92 of the Complaint.

94-97.  The averments in paragraphs 94-97 of the Complaint do not appear to be directed at Defendant, and for that reason Defendant need not respond.  To the extent those paragraphs have any bearing on any claim against Defendant, Defendant denies the averments of those paragraphs.

**FOURTH CLAIM FOR RELIEF**
**Utah State Law Deceptive Trade Practices**
**(Against Zurixx and Flipping Formula)**

98.     Defendant incorporates herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 97 of the Complaint.

99-103.   The averments in paragraphs 99-103 of the Complaint do not appear to be directed at Defendant, and for that reason Defendant need not respond.  To the extent those paragraphs have any bearing on any claim against Defendant, Defendant denies the averments of those paragraphs.

## FIFTH CLAIM FOR RELIEF
### Common Law Trademark Infringement
### (Against Zurixx, Flipping Formula, Souhleris, Seymour)

104.    Defendant incorporates herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 103 of the Complaint.

105-112.   The averments in paragraphs 105-112 of the Complaint do not appear to be directed at Defendant, and for that reason Defendant need not respond.  To the extent those paragraphs have any bearing on any claim against Defendant, Defendant denies the averments of those paragraphs.

## SIXTH CLAIM FOR RELIEF
### Breach of Contract
### (Against Defendants Hrisko, Anderson, and Johnson)

113.    Defendant incorporates herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 112 of the Complaint.

114.    Defendant is without information or knowledge sufficient to form a belief as to the averments in paragraph 114 of the Complaint, and therefore denies the same.

115.    Defendant is without information or knowledge sufficient to form a belief as to the averments in paragraph 115 of the Complaint, and therefore denies the same.

116.    Defendant admits that he executed a Workshop Team Independent Contractor Agreement with an entity owned and/or controlled by the principals of Plaintiff.  Defendant is without sufficient knowledge or information to form a belief as to whether Evtech was a party to that agreement, and therefore denies the same.  Defendant further denies that all aspects of the

Agreement are legally binding or enforceable.  Defendant denies all remaining averments of paragraph 116.

117.    Defendant is without information or knowledge sufficient to form a belief as to the averments in paragraph 117 of the Complaint, and therefore denies the same.

118.    Defendant denies the averments set forth in paragraph 118 of the Complaint.

119.    Defendant denies the averments set forth in paragraph 119 of the Complaint.

120.    Defendant denies the averments set forth in paragraph 120 of the Complaint.

121.    Defendant denies the averments set forth in paragraph 121 of the Complaint.

122.    Defendant denies the averments set forth in paragraph 122 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim for relief set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's misrepresentation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's prior material and unexcused breach.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of failure of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of illegality.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of failure or non-occurrence of a condition precedent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint against him be dismissed with prejudice and that Plaintiff takes nothing thereby, that he be awarded his costs and attorney's fees herein including as authorized by Utah Code Ann. 78B-5-826, and such other relief as the Court as deems just, equitable, and proper.

## COUNTERCLAIM

Defendant and Counterclaimant Mitch Johnson, through counsel, hereby counterclaims against Plaintiff and Counterclaim Defendant EvTech Media, LLC ("EvTech"), and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Upon information and belief, Plaintiff is a Utah limited liability company.

14

2.      Mr. Johnson is an individual residing in the State of Utah.

3.      The Court has personal jurisdiction over Plaintiff because it alleges in its Complaint that it is a Utah limited liability company.

4.      To the extent the Court has subject matter jurisdiction over Plaintiff's claims against Mr. Johnson, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367(a), because Plaintiff has asserted that the Court has supplemental jurisdiction in this matter for its breach of contract against Mr. Johnson under Utah law in this matter, and Mr. Johnson is asserting a counterclaim for a declaratory judgment under 28 U.S.C. § 2201 regarding the agreement Plaintiff attached as Exhibit I to the Complaint.

5.      Venue is proper in this Court, pursuant to 28 U.S.C § 1391, because both Plaintiff and Mr. Johnson reside in this judicial district.

<u>**FIRST CLAIM FOR RELIEF**</u>

**(Declaratory Judgment Under 28 U.S.C. § 2201)**

6.      Plaintiff has made a claim against Mr. Johnson in this action for breach of contract, alleging that Mr. Johnson breached an independent contractor agreement with Plaintiff by providing services to and receiving compensation from Defendant Zurixx, Inc.[1]

7.      Accordingly, an actual controversy exists between Plaintiff and Mr. Johnson regarding whether Mr. Johnson's providing services to Zurixx and receiving compensation from Zurixx violates any contractual or legal obligation Mr. Johnson may have to Plaintiff.

---

[1] Mr. Johnson is not admitting that he had a contract with Plaintiff, but declaratory judgment that Mr. Johnson seeks does not depend on the party with whom Mr. Johnson contracted.

8.      Specifically, Mr. Johnson asserts that the provisions of the independent contractor agreement cited by Plaintiff in its complaint do not in fact apply to the services Mr. Johnson is providing to Zurixx.

9.      Mr. Johnson further asserts that to the extent the independent contractor agreement could be interpreted to apply to the services Mr. Johnson is providing to Zurixx, the agreement is unenforceable under Utah law for being in violation of public policy that limits an employer's right to restrict another's ability to engage in business through the use of unreasonable and overly broad restrictive covenants.

10.     Mr. Johnson disputes that providing services to and receiving compensation from Defendant Zurixx breaches any contract between him and Plaintiff, or violates any other legal obligation Mr. Johnson may have to Plaintiff.

11.     Mr. Johnson is therefore entitled to a Declaratory Judgment under 28 U.S.C. § 2201 establishing that his providing services to and receiving compensation from Defendant Zurixx does not breach any contract between him and Plaintiff, or violate any other legal obligation Mr. Johnson may have to Plaintiff.

## PRAYER FOR RELIEF

Wherefore, Mr. Johnson respectfully submits that the Court enter judgment in his favor and against Plaintiff that includes the following:

1.      A declaration that Mr. Johnson's providing services to and receiving compensation from Defendant Zurixx does not breach any contract between him and Plaintiff, or violate any other legal obligation Mr. Johnson may have to Plaintiff.

2.      An award of attorney fees pursuant to Utah Code Ann. § 78B-5-826.

3.      An award of court costs.

4.      All additional relief the Court deems appropriate.

DATED:        August 2, 2013.

                                        **ANDERSON & KARRENBERG**


                                        */s/ Stephen P. Horvat*
                                        Stephen P. Horvat
                                        Heather M. Sneddon
                                        John A. Bluth
                                        **Attorneys for Defendants**