**ANDERSON & KARRENBERG**
Stephen P. Horvat (#6249)
Heather M. Sneddon (#9520)
John A. Bluth (#9824)
50 West Broadway, Suite 700
Salt Lake City, Utah  84101
Tel:  (801) 534-1700
Fax:  (801) 364-7697
shorvat@aklawfirm.com
hsneddon@aklawfirm.com
jbluth@aklawfirm.com

**Attorneys for Defendants Zurixx, LLC, Financial Media Group, LLC,
Marc Hrisko and Lisa Anderson**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EVTECH MEDIA, LLC, a Utah limited liability company,<br><br>               Plaintiff,<br><br>vs.<br><br>ZURIXX, LLC, a Utah limited liability company, FINANCIAL MEDIA GROUP, LLC DBA FLIPPING FORMULA, a Utah limited liability company, PETER SOUHLERIS, an individual, DAVE SEYMOUR, an individual, MARC HRISKO, an individual, LISA ANDERSON, an individual, and MITCH JOHNSON, an individual,<br><br>               Defendants. | **ANSWER and COUNTERCLAIM OF DEFENDANTS ZURIXX, LLC, FINANCIAL MEDIA GROUP, LLC, MARC HRISKO, and LISA ANDERSON**<br><br><br><br>Case No. 2:13-cv-00621<br><br>Judge Dee Benson |

      Defendants Zurixx, LLC, Financial Media Group, LLC, Marc Hrisko, and Lisa Anderson

hereby answer Plaintiff's Complaint as follows:

## THE PARTIES

1.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 1 of the Complaint, and therefore deny the same.

2.      Defendants admit the averments set forth in paragraph 2 of the Complaint.

3.      Defendants  admit that Financial Media Group, LLC ("FMG") is a Utah limited liability company whose address is 6465 South 3000 East, Suite 203, Holladay, Utah 84121, but denies each and every remaining averment set forth in paragraph 3 of the Complaint.

4.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 4 of the Complaint, and therefore deny the same.

5.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 5 of the Complaint, and therefore deny the same.

6.      Defendants admit the averments set forth in paragraph 6 of the Complaint.

7.      Defendants admit the averments set forth in paragraph 7 of the Complaint.

8.      Defendants admit the averments set forth in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      Defendants affirmatively aver that the Complaint speaks for itself and deny any averment contained in paragraph 9 that is inconsistent with the Complaint.

10.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 10 of the Complaint, and therefore deny the same.

11.     Defendants admit that the Court has personal jurisdiction over Zurixx, LLC ("Zurixx"), and that it is a Utah limited liability company, but deny each and every remaining averment set forth in paragraph 11 of the Complaint.

2

12.     Defendant admit that the Court has personal jurisdiction over FMG, and that it is a Utah limited liability company, but deny each and every remaining averment set forth in paragraph 12 of the Complaint.

13.     Defendants deny the averments set forth in paragraph 13 of the Complaint.

14.     Defendants admit the averments set forth in paragraph 14 of the Complaint.

15.     Defendants deny the averments set forth in paragraph 15 of the Complaint.

16.     Defendants admit that venue is proper with respect to themselves.  The remaining averments of paragraph 16 of the Complaint are not directed at Defendants, and therefore they are not required to answer.

## FACTUAL BACKGROUND

17.     Defendants deny the averments set forth in paragraph 17 of the Complaint.

18.     Defendants admit that a copy of a document entitled "Three Day Workshop," with the name "Yancey Events" below the title, is attached as Exhibit A to the Complaint, but deny each and every remaining averment set forth in paragraph 18 of the Complaint.

19.     Defendants deny the averments set forth in paragraph 19 of the Complaint.

20.     Defendants admit that Exhibit B to the Complaint is a document entitled "Certificate of Registration", that states "Registration Number TX 7-685-525"  and "Effective date of registration: May 30, 2013", but deny each and every remaining averment set forth in paragraph 20 of the Complaint.

21.     Defendants admit that Exhibit C to the Complaint is a document entitled "The Flipping Formula Three Day Workshop", but deny each and every remaining averment set forth in paragraph 21 of the Complaint.

22.     Defendants admit that Zurixx has distributed the document attached as Exhibit C to the Complaint to attendees at some of its real estate investment education seminars, but deny each and every remaining averment set forth in paragraph 22 of the Complaint.

23.     Defendants deny the averments set forth in paragraph 23 of the Complaint.

24.     Defendants deny the averments set forth in paragraph 24 of the Complaint. Defendants affirmatively aver that the business model Plaintiff describes in the Complaint is not unique, and was not developed by Plaintiff.

25.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 25 of the Complaint, and therefore deny the same.

26.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 26 of the Complaint, and therefore deny the same.

27.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments set forth in paragraph 27 of the Complaint, and therefore deny the same.

28.     Defendants deny that Plaintiff developed the business model it describes in the Complaint.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining  averments set forth in paragraph 28 of the Complaint, and therefore deny the same.

29.     Defendants deny the averments set forth in paragraph 29 of the Complaint.

30.     Defendants admit that Mr. Carlson was an officer of EvTech but deny each and every remaining averment set forth in paragraph 30 of the Complaint.

31.     Defendants deny the averments set forth in paragraph 31 of the Complaint.

32.     Defendants deny the averments set forth in paragraph 32 of the Complaint. Defendants affirmatively aver that Plaintiff's business model, as described in its Complaint, is not unique and was not developed by Plaintiff.

33.     Defendants admit that Zurixx conducts real estate investment education seminars, but deny each and every remaining averment set forth in paragraph 33 of the Complaint. Defendants affirmatively aver that Plaintiff's business model, as described in its Complaint, is not unique and was not developed by Plaintiff.

34.     Defendants admit that Zurixx conducts real estate investment education seminars, but deny each and every remaining averment set forth in paragraph 34 of the Complaint. Defendants affirmatively aver that Plaintiff's business model, as described in its Complaint, is not unique, and was not developed by Plaintiff.

35.     Defendants admit that Zurixx conducts real estate education seminars, but deny each and every remaining averment set forth in paragraph 35 of the Complaint.  Defendants affirmatively aver that Plaintiff's business model, as described in its Complaint, is not unique and was not developed by Plaintiff.

36.     Defendants admit that Zurixx conducts real estate education seminars, but deny each and every remaining averment set forth in paragraph 36 of the Complaint.  Defendants affirmatively aver that Plaintiff's business model, as described in its Complaint, is not unique and was not developed by Plaintiff.

37.     Defendants admit that Exhibits D, E and F are attached to the Complaint, and that Exhibit D contains a true copy of an envelope Zurixx has used at times for sending some promotional materials for some of its real estate investment seminars, but deny each and every remaining averment set forth in paragraph 37 of the Complaint.  Defendants affirmatively aver that Plaintiff's business model, as described in its Complaint, is not unique and was not developed by Plaintiff.

38.     Defendants deny the averments set forth in paragraph 38 of the Complaint.

39.     Defendants admit that Mr. Hrisko is an instructor at some of Zurixx's real estate investment education seminars, which are referred to as "Three Day Workshops," and refers to, distributes, and uses the document attached as Exhibit C to the Complaint, but deny each and every remaining averment set forth in paragraph 39 of the Complaint.

40.     Defendants admit that Ms. Anderson is a Seminar Director at some of Zurixx's real estate investment education seminars and distributes the document attached as Exhibit C to the Complaint, but deny each and every remaining averment set forth in paragraph 40 of the Complaint.

41.     Defendants admit the averments set forward in paragraph 41 of the Complaint.

42.     Defendants deny the averments set forth in paragraph 42 of the Complaint.

43.     Defendants deny the averments set forth in paragraph 43 of the Complaint.

44.     Defendants deny the averments set forth in paragraph 44 of the Complaint.

45.     Defendants deny the averments set forth in paragraph 45 of the Complaint.

46.     Defendants admit that there is a website at www.flippingformula.com, but deny each and every remaining averment in paragraph 46 of the Complaint.

6

47.     Defendants deny the averments set forth in paragraph 47 of the Complaint.

48.     Defendants deny the averments set forth in paragraph 48 of the Complaint.

49.     Defendants deny the averments set forth in paragraph 49 of the Complaint.

50.     Defendants deny the averments set forth in paragraph 50 of the Complaint.

51.     Defendants admit that Mr. Hrisko and Ms. Anderson were independent contractors with an entity owned or controlled by Plaintiff or its principals or affiliates, until that entity wrongfully and unilaterally terminated their relationship in December 2012.  Defendants deny all remaining averments in paragraph 51 of the Complaint.

52.     Defendants deny the averments in paragraph 52 of the Complaint to the extent those averments are directed at them.

53.     Defendant admits that there is a document attached as Exhibit G to the Complaint. Defendants affirmatively aver that the terms of that document speak for themselves, and deny any averment in paragraph 53 of the Complaint that is inconsistent with the language of the document.  Defendants are without information or knowledge sufficient to form a belief as to the remaining averments in paragraph 53 of the Complaint.

54.     Defendants admit that there is a document attached as Exhibit H to the Complaint. Defendants affirmatively aver that the terms of that document speak for themselves, and deny any averment in paragraph 54 of the Complaint that is inconsistent with the language of the document.  Defendants are without information or knowledge sufficient to form a belief as to the remaining averments in paragraph 54 of the Complaint.

55.     Defendant admits that there is a document attached as Exhibit I to the Complaint. Defendants affirmatively aver that the terms of that document speak for themselves, and deny

any averment in paragraph 55 of the Complaint that is inconsistent with the language of the document.  Defendants are without information or knowledge sufficient to form a belief as to the remaining averments in paragraph 55 of the Complaint.

56.     Defendants affirmatively aver that the terms of the documents attached as Exhibits G through I to the Complaint speak for themselves, and deny the remaining averments set forth in paragraph 56 to the extent they are inconsistent with the language of the documents.

57.     Defendants affirmatively aver that the terms of the documents attached as Exhibits G through I of the Complaint speak for themselves, and deny the remaining averments set forth in paragraph 57 to the extent they are inconsistent with the documents.

58.     Defendants deny the averments set forth in paragraph 58 of the Complaint.

59.     Defendants deny the averments set forth in paragraph 59 of the Complaint.

60.     Defendants deny the averments set forth in paragraph 60 of the Complaint.

61.     Defendants deny the averments set forth in paragraph 61 of the Complaint.

62.     Defendants deny the averments set forth in paragraph 62 of the Complaint.

63.     Defendants deny the averments set forth in paragraph 63 of the Complaint.

64.     Defendants deny the averments set forth in paragraph 64 of the Complaint.

65.     Defendants affirmatively aver that the terms of the documents attached as Exhibits G through I of the Complaint speak for themselves, and deny the remaining averments set forth in paragraph 65 of the Complaint to the extent they are inconsistent with the documents.

66.     Defendants deny the averments set forth in paragraph 66 of the Complaint.

67.     Defendants deny the averments set forth in paragraph 67 of the Complaint.

68.     Defendants deny the averments set forth in paragraph 68 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement, 17 U.S.C. § 501**
**(Against Zurixx, Flipping Formula, Hrisko, and Anderson)**

69.     Defendants incorporate herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 68 of the Complaint.

70.     Defendants deny the averments set forth in paragraph 70 of the Complaint.

71.     Defendants deny the averments set forth in paragraph 71 of the Complaint.

72.     Defendants deny the averments set forth in paragraph 72 of the Complaint.

73.     Defendants deny the averments set forth in paragraph 73 of the Complaint.

74.     Defendants admit that Zurixx, Hrisko and/or Anderson have distributed the document attached as Exhibit C to the Complaint to attendees of some of their real estate education seminars, but deny the remaining averments set forth in paragraph 74 of the Complaint

75.     Defendants deny the averments set forth in paragraph 75 of the Complaint.

76.     Defendants deny the averments set forth in paragraph 76 of the Complaint.

77.     Defendants deny the averments set forth in paragraph 77 of the Complaint.

78.     Defendants deny the averments set forth in paragraph 78 of the Complaint.

79.     Defendants deny the averments set forth in paragraph 79 of the Complaint.

80.     Defendants deny the averments set forth in paragraph 80 of the Complaint.

81.     Defendants deny the averments set forth in paragraph 81 of the Complaint.

82.     Defendants deny the averments set forth in paragraph 82 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Federal Unfair Competition**
**(Against Zurixx, Flipping Formula, Hrisko, Anderson, Johnson)**

83.     Defendants incorporate herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 82 of the Complaint.

84.     Defendants deny the averments set forth in paragraph 84 of the Complaint. Defendants affirmatively aver that the business model Plaintiff describes in its Complaint is not unique and was not developed by Plaintiff.

85.     Defendants deny the averments set forth in paragraph 85 of the Complaint.

86.     Defendants deny the averments set forth in paragraph 86 of the Complaint.

87.     Defendants deny the averments set forth in paragraph 87 of the Complaint.

88.     Defendants deny the averments set forth in paragraph 88 of the Complaint.

89.     Defendants deny the averments set forth in paragraph 89 of the Complaint.

90.     Defendants deny the averments set forth in paragraph 90 of the Complaint.

91.     Defendants deny the averments set forth in paragraph 91 of the Complaint.

92.     Defendants deny the averments set forth in paragraph 92 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**Utah State Law Unfair Competition**
**(Against Zurixx and Flipping Formula)**

93.     Defendants incorporate herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 92 of the Complaint.

94.     Defendants deny the averments set forth in paragraph 94 of the Complaint.

95.     Defendants deny the averments set forth in paragraph 95 of the Complaint.

96.     Defendants deny the averments set forth in paragraph 96 of the Complaint.

97.     Defendants deny the averments set forth in paragraph 97 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**Utah State Law Deceptive Trade Practices**
**(Against Zurixx and Flipping Formula)**

98.     Defendants incorporate herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 97 of the Complaint.

99.     Defendants deny the averments set forth in paragraph 99 of the Complaint.

100.    Defendants deny the averments set forth in paragraph 100 of the Complaint.

101.    Defendants deny the averments set forth in paragraph 101 of the Complaint.

102.    Defendants deny the averments set forth in paragraph 102 of the Complaint.

103.    Defendants deny the averments set forth in paragraph 103 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement**
**(Against Zurixx, Flipping Formula, Souhleris, Seymour)**

104.    Defendants incorporate herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 103 of the Complaint.

105.    Defendants deny the averments set forth in paragraph 105 of the Complaint.

106.    Defendants deny the averments set forth in paragraph 106 of the Complaint.

107.    Defendants deny the averments set forth in paragraph 107 of the Complaint.

108.    Defendants deny the averments set forth in paragraph 108 of the Complaint.

109.    The averments in paragraph 109 of the Complaint do not appear to be directed at these Defendants, and for that reason these Defendants need not respond.  To the extent paragraph 109 has any bearing on any claim against these Defendants, Defendants deny the averments of those paragraphs.

110.    Defendants deny the averments set forth in paragraph 110 of the Complaint.

111.    Defendants deny the averments set forth in paragraph 111 of the Complaint.

112.    Defendants deny the averments set forth in paragraph 112 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**Breach of Contract**
**(Against Defendants Hrisko, Anderson, and Johnson)**

113.    Defendants incorporate herein by reference each and every admission, denial and affirmative allegation made in response to the allegations set forth in paragraphs 1 through 112 of the Complaint.

114.    Defendants admit that Mr. Hrisko executed a Workshop Team Independent Contractor Agreement with an entity owned and/or controlled by the principals of Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to whether Plaintiff was a party to that agreement, and therefore deny the same.  Defendants further deny that all aspects of the Agreement are legally binding or enforceable.  Defendants deny all remaining averments of paragraph 114.

115.    Defendants admit that Ms. Anderson executed a Workshop Team Independent Contractor Agreement with an entity owned and/or controlled by the principals of Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to whether Plaintiff was a party to that agreement, and therefore deny the same.  Defendants further deny

12

that all aspects of the Agreement are legally binding or enforceable.  Defendants deny all remaining averments of paragraph 115.

116.    Defendants admit that Mr. Johnson executed a Workshop Team Independent Contractor Agreement with an entity owned and/or controlled by the principals of Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to whether Plaintiff was a party to that agreement, and therefore deny the same.  Defendants further deny that all aspects of the Agreement are legally binding or enforceable.  Defendants deny all remaining averments of paragraph 116.

117.    Defendants deny the averments set forth in paragraph 117 of the Complaint.

118.    Defendants deny the averments set forth in paragraph 118 of the Complaint. Defendants affirmatively aver that Plaintiff's business model it describes in its Complaint is not unique.

119.    Defendants deny the averments set forth in paragraph 119 of the Complaint.

120.    Defendants deny the averments set forth in paragraph 120 of the Complaint.

121.    Defendants deny the averments set forth in paragraph 121 of the Complaint.

122.    Defendants deny the averments set forth in paragraph 122 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim for relief set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's misrepresentation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's prior material and unexcused breach.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of illegality.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of failure or non-occurrence of a condition precedent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of mootness.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

## PRAYER FOR RELIEF

WHEREFORE, these Defendants pray that Plaintiff's Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby, and that they be awarded their costs and attorney fees herein, including as authorized by Utah Code Ann. § 78B-5-826, and such other relief as the Court as deems just, equitable, and proper.

## COUNTERCLAIM

Defendant and Counterclaimants Zurixx, LLC, Financial Media Group, LLC, Marc Hrisko, and Lisa Anderson through counsel, hereby counterclaim against Plaintiff and Counterclaim Defendant EvTech Media, LLC ("EvTech"), and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Upon information and belief, Plaintiff is a Utah limited liability company.

2.      Zurixx is a limited liability company registered to do business in Utah.

3.      Financial Media Group is a limited liability company registered to do business in Utah.

4.      Mr. Hrisko is an individual residing in Virginia.

5.      Ms. Anderson is an individual residing in Utah.

6.      The Court has personal jurisdiction over Plaintiff because, *inter alia,* Plaintiff alleges in its Complaint that it is a Utah limited liability company.

7.      This Court has subject matter over this counterclaim under 28 U.S.C. § 1331. Additionally, to the extent the Court has subject matter jurisdiction over Plaintiff's non-federal claims against the Counterclaimants, the Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a), because Plaintiff has asserted that the Court has

15

supplemental jurisdiction in this matter for its breach of contract and related claims under Utah law in this matter, and the Counterclaimants are asserting a counterclaim for a declaratory judgment under 28 U.S.C. § 2201 regarding the agreements Plaintiff attached as exhibits to the Complaint.

8.      Venue is proper in this Court, pursuant to 28 U.S.C § 1391.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment Under 28 U.S.C. § 2201 – Plaintiff Lacks Copyright)**

9.      Plaintiff has made claims in this action against the Counterclaimants for copyright infringement under 17 U.S.C. § 501, claiming ownership of a copyright in the "Yancey Events Three Day Seminar Workshop Workbook" (the "Yancey Workbook") as set forth in the Complaint.

10.      An actual controversy exists between Plaintiff and the Counterclaimants regarding whether Plaintiff owns a copyright in the Yancey Workbook, in that the Counterclaimants dispute that Plaintiff owns a valid copyright in the Yancey Workbook, or any part of the Yancey Workbook, or any derivative work based on the Yancey Workbook.

11.      Among other things, Plaintiff is not the author of the work, nor is Plaintiff the recipient of any valid transfer of a copyright in the work.

12.      The Counterclaimants are therefore entitled to a Declaratory Judgment under 28 U.S.C. § 2201 establishing that Plaintiff does not have a valid copyright in the Yancey Workbook, or any part of the Yancey Workbook, or any derivative work based on the Yancey Workbook.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment Under 28 U.S.C. § 2201 – Independent Contractor Agreements)**

13.      Plaintiff has made claims against Mr. Hrisko and Ms. Anderson in this action for breach of contract, alleging that Mr. Hrisko and Ms. Anderson breached independent contractor agreements with Plaintiff by providing services to and receiving compensation from Defendant Zurixx, Inc.[1]

14.      An actual controversy exists between Plaintiff and Mr. Hrisko and Ms. Anderson regarding whether their providing services to Zurixx and receiving compensation from Zurixx violates any contractual or legal obligation they may have to Plaintiff.

15.      Specifically, Mr. Hrisko and Ms. Anderson assert that the provisions of the independent contractor agreements cited by Plaintiff in its complaint do not in fact apply to the services they are providing to Zurixx.

16.      Mr. Hrisko and Ms. Anderson further assert that to the extent the independent contractor agreements could be interpreted to apply to the services they are providing to Zurixx, the agreements are unenforceable under Utah law for being in violation of public policy that limits an employer's right to restrict another's ability to engage in business through the use of unreasonable and overly broad restrictive covenants.

17.      Mr. Hrisko and Ms. Anderson further assert that even if the independent contractor agreements were enforceable at one point, any duties they had terminated due to Plaintiff's material breach of the agreements, including termination in violation of public policy.

---

[1] Mr. Hrisko and Ms. Anderson are not admitting that they had contracts with Plaintiff, but the declaratory judgment they seek does not depend on the party with whom they contracted.

18.     For these reasons, and others, Mr. Hrisko's and Ms. Anderson's providing services to and receiving compensation from Defendant Zurixx neither breaches any contract between them and Plaintiff nor violates any other legal obligation either of them may have to Plaintiff.

19.     Mr. Hrisko and Ms. Anderson are therefore entitled to a Declaratory Judgment under 28 U.S.C. § 2201 establishing that their providing services to and receiving compensation from Defendant Zurixx does not breach any contract between them and Plaintiff or violate any other legal obligations they may have to Plaintiff.

## PRAYER FOR RELIEF

Wherefore, Counterclaimants respectfully submits that the Court enter judgment in their favor and against Plaintiff that includes the following:

1.     A declaration that Plaintiff does not have a valid copyright in the Yancey Workbook, or any part of the Yancey Workbook, or any derivative work based on the Yancey Workbook.

2.     A declaration that Mr. Hrisko's and Ms. Anderson's providing services to and receiving compensation from Defendant Zurixx does not breach any contract between them and Plaintiff, or violate any other legal obligation they may have to Plaintiff.

3.     An award of attorney fees, including those available pursuant to Utah Code Ann. § 78B-5-826.

4.     An award of court costs.

5.     All additional relief the Court deems appropriate.

18

DATED:      August 6, 2013.

**ANDERSON & KARRENBERG**


*/s/ Stephen P. Horvat*
Stephen P. Horvat
Heather M. Sneddon
John A. Bluth
**Attorneys for Defendants**