**ANDERSON & KARRENBERG**
Stephen P. Horvat (#6249)
Heather M. Sneddon (#9520)
John A. Bluth (#9824)
50 West Broadway, Suite 700
Salt Lake City, Utah  84101
Tel:  (801) 534-1700
Fax:  (801) 364-7697
shorvat@aklawfirm.com
hsneddon@aklawfirm.com
jbluth@aklawfirm.com

**Attorneys for Defendants**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EVTECH MEDIA, LLC, a Utah limited liability company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ZURIXX, LLC, a Utah limited liability company, FINANCIAL MEDIA GROUP, LLC DBA FLIPPING FORMULA, a Utah limited liability company, PETER SOUHLERIS, an individual, DAVE SEYMOUR, an individual, MARC HRISKO, an individual, LISA ANDERSON, an individual, and MITCH JOHNSON, an individual,<br><br>　　　　　Defendants. | **ZURIXX DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**<br><br><br><br>Case No. 2:13-cv-00621<br><br>Judge Dee Benson |

**MOTION**

Defendants and Counterclaimants Zurixx, LLC, Marc Hrisko, Lisa Anderson, and Financial Media Group, LLC (collectively the Zurixx Parties) hereby move the Court for partial summary judgment as follows:

1. An order dismissing Plaintiff's First Claim for Relief, for Copyright Infringement.

2. An order granting declaratory judgment that Plaintiff does not have a legally valid copyright in the "Yancey Events Three Day Workshop Workbook" (the "Yancey Workbook").

3. An order determining as a matter of law that Plaintiff's continued use of the Yancey Workbook infringes on Mr. Hrisko's copyright in the "Insiders's Edge Three Day Work Shop Workbook" (the "Hrisko Workbook").[1]

The materials that have already been filed with the Court in connection with Plaintiff's complaint and motion for a preliminary injunction establish beyond dispute that the materials in the Yancey Workbook are a direct copy of the Hrisko Workbook and other materials Mr. Hrisko created. It is also undisputed that (i) these materials were created by Mr. Hrisko, not by any of Plaintiff's employees, and (ii) there are no documents that would allow Plaintiff to establish a copyright under the work for hire doctrine (or prove an assignment). Accordingly, the Court can rule as a matter of law that under the Copyright Act, the copyright to those materials belongs exclusively to Mr. Hrisko, and not to Plaintiff.

---

[1] This motion addresses only whether Plaintiff's *continued* use of the Yancey Workbook constitutes infringement. Plaintiff has previously asserted that it had a license to use the Workbook. The Zurixx Parties, however, assert that even if such a license existed, it expired when Plaintiff terminated Mr. Hrisko in December 2012, or, in no event later than when Mr. Hrisko's counsel sent a letter to Plaintiff in August 2013 terminating any license. The Zurixx Parties are not asking the Court to make any rulings about whether any use before this motion was filed constitutes infringement.

2

## MEMORANDUM IN SUPPORT

## FACTUAL BACKGROUND

Marc Hrisko has been a well-known presenter in the real estate investment education industry since approximately 2002. In 2009, he published his first book, *Kangaroo Millionaire: 7 Counterintuitive Secrets to Springing Ahead in Life and Wealth*, which helped cement his national reputation as a leading figure in the business. Assisted by Defendant Lisa Anderson, who began working with Mr. Hrisko in 2008, he conducted seminars and presentations all over the United States.[2]

As part of his presentations, Mr. Hrisko, with Ms. Anderson's help, developed a set of dozens of Power Point slides displaying important points about investing in general and real estate investing in particular. Copies of some of these slides are attached to the Second Hrisko Declaration, as Ex. E thereto.

In September 2010, Mr. Hrisko was engaged as an independent contractor by Plaintiff's predecessor,[3] The Evolution Group, LLC ("Evolution Group"), to instruct attendees at real estate investment seminars Evolution Group conducted. Ms. Anderson was also hired as an independent contractor at the same time, to be the Seminar Director for these events.

---

[2] Unless otherwise noted, the Factual Background section is based on the Declarations of Mr. Hrisko and Ms. Anderson in opposition to Plaintiff's motion for preliminary injunction (the "First Hrisko Declaration" and "First Anderson Declaration, originally filed as Dkts. 34 and 35, respectively), or from the Declarations of Ms. Anderson and Mr. Hrisko in support of motion for summary judgment (the "Second Anderson Declaration" and "Second Hrisko Declaration," filed herewith as Exhibits A and B respectively).

[3] Plaintiff asserts that it is the successor to Evolution Group. However, Plaintiff has failed to present any admissible evidence to support this assertion, such as a copy of any document showing the relationship between itself and Evolution Group. Nevertheless, for purposes of *this motion*, Defendants/Counterclaim Plaintiffs will assume that Plaintiff is indeed the successor of Evolution Group.

3

In the fall of 2010, Mr. Hrisko and Ms. Anderson decided that it would be helpful to create a workbook to be distributed to their seminar attendees, by printing up their Power Point slides, with no changes, except for some enhanced graphics and formatting. (The "Hrisko Workbook.")

It was solely Mr. Hrisko's and Ms. Anderson's idea to prepare the Workbook; no one at Evolution Group asked them to do so, or even asked them to prepare any written materials at all for the presentations. Nor did anyone from Evolution Group have any input whatsoever into the contents of the Workbook.

Mr. Hrisko and Ms. Anderson even paid for the copying and distribution of the Workbook out of their own funds for the first seven or eight months they used the Workbook. After that, Evolution Group, and later the Plaintiff, covered those costs.

Mr. Hrisko and Ms. Anderson used their Workbook, or slightly modified versions, in various seminars they conducted, under various "brands" arranged by Evolution Group and Plaintiff. But in all instances in which Mr. Hrisko and Ms. Anderson conducted seminars for Evolution Group or Plaintiff, they used the Workbook.

In December 2012, Plaintiff terminated its relationship with Mr. Hrisko and Ms. Anderson after Mr. Hrisko refused Plaintiff's demand that Mr. Hrisko make certain representations to a customer who had complained about the quality of other seminars and materials he had received from Plaintiff.

Subsequently, Mr. Hrisko and Ms. Anderson contracted with Zurixx and became presenters at real estate investment seminars arranged by Zurixx, LLC, known as the "Flipping

Formula" seminars.  Mr. Hrisko and Ms. Anderson continued to use the Workbook at those seminars.

Plaintiff has continued to operate real estate investment seminars as well.  But at these seminars, Plaintiff is continuing to copy and distribute a workbook that is almost entirely copied from the Hrisko Workbook, under the name "Yancey Events Three Day Workshop Workbook" ("Yancey Workbook").  (Exhibit C hereto, originally filed as Dkt. 2-2.)

On July 10, 2013, Plaintiff filed a lawsuit against Mr. Hrisko, Ms. Anderson, Zurixx, and others.  Plaintiff's First Claim for Relief is for copyright infringement; Plaintiff asserts that it owns the copyright in the Yancey Workbook and that the Hrisko Workbook is copied from or derived from the Yancey Workbook.  Plaintiff also filed a motion for a preliminary injunction based on the infringement claim.

In response to Plaintiff's injunction motion, the Zurixx Parties submitted a copy of the Hrisko original printed version of the Workbook from 2010.  Every single image and graphic that Plaintiff used as an example of copying was included in this original 2010 workbook, which, as noted above, was the result of Mr. Hrisko's and Ms. Anderson's efforts, without any input whatsoever from Evolution Group.  In fact, the first 54 pages of the Yancey Workbook are *identical* to the 55-page Hrisko Workbook as Mr. Hrisko and Ms, Anderson first printed it in workbook form in November 2010.[4]  The remaining 23 pages of the Yancey Workbook consists mainly of other materials Mr. Hrisko created before he began working with Evolution Group but added to the workbooks later or blank pages.

---

[4] The Hrisko Workbook as it was printed in 2010 has an additional page, page 47, which is why the number of pages is different by one.

Thus, it is plain that contrary to Plaintiff's assertions, the Yancey Workbook was actually copied from and derived from Mr. Hrisko's work, not the other way around.

Plaintiff has not disputed that Mr. Hrisko was the person who created the materials that appear in both the Hrisko Workbook and the Yancey Workbook. Nor does Plaintiff dispute that the material in the Yancey Workbook is copied from or derives from the Hrisko Workbook. Instead, Plaintiff has asserted that it owns the copyright to materials Mr. Hrisko created pursuant to two agreements Plaintiff's and/or its predecessor entered into with Mr. Hrisko.[5] As will be explained in more detail below, however, neither of these documents is legally sufficient under the exacting requirements of the Copyright Act to deprive Mr. Hrisko of the copyright in works he created.

On August 6, 2013, the Zurixx Parties filed their Answer and Counterclaim, Dkt. 37. Among other things, their Answer denies that Plaintiff has a copyright in the Yancey Workbook, and the First Claim for Relief in the Counterclaim asks for a declaratory judgment that, in fact, Plaintiff does *not* have a valid copyright in those materials. Subsequently, on August 29, 2013, Mr. Hrisko filed an Amended Counterclaim in this action, stating a claim against Plaintiff for infringement of his rights in the Hrisko Workbook.[6] Mr. Hrisko and the other Zurixx Parties now seek partial summary judgment. Specifically, they seek an order (i) dismissing Plaintiff's First Claim for Relief, for copyright infringement, (ii) granting a Declaratory Judgment that Plaintiff does not have a valid copyright in the Yancey Workbook, and (iii) determining as a

---

[5] See Reply in Further Supp. of Pl.'s Mot. for Prelim. Inj., Dkt. 41, at 2, 4-8.
[6] Dkt. 49. Mr. Hrisko obtained a Certificate of Registration from the United States Copyright Office, effective August 2, 2013, for the Hrisko Workbook (named "Insiders's Edge Three Day Work Shop" on the certificate). Ex. D hereto.

matter of law that Plaintiff's continued use of the Yancey Workbook, or other materials copied from or derived from the Hrisko Workbook, infringes on Mr. Hrisko's copyright.

This matter is suitable for summary disposition because all of the material facts are undisputed. There is no dispute that Mr. Hrisko created the Hrisko Workbook. There is no dispute that almost the entire Yancey Workbook is copied from and derived from the Hrisko Workbook and other materials Mr. Hrisko created. Thus, the parties' respective claims for infringement come down to a straightforward legal issue: whether the documents Mr. Hrisko signed are legally sufficient under the Copyright Act to grant Plaintiff a copyright in those materials. As established below, they are not.

## STATEMENT OF ELEMENTS AND UNDISPUTED MATERIAL FACTS

**A.     Prima Facie Claim of Copyright Infringement.**

Elements of Overall Claim

"There are two elements to a copyright infringement claim; a plaintiff must show both [1] ownership of a valid copyright, and [2] copying of protectable constituent elements of the work." Enterprise Mgmt. v. Warrick, 717 F.3d 1112, 1117 (10th Cir. 2013).

1.     Elements Regarding Ownership:

Under the Copyright Act, copyright ownership "initially vests in the author or authors of the work." 17 U.S.C. § 201(a).

2.     Elements Regarding Proof of Copying:

"A plaintiff may prove copying either with direct evidence or by showing that alleged infringer had access to the copyrighted work and 'there are probative similarities between the copyrighted material and the allegedly copied material.'" Enterprise Mgmt., 717 F.3d at 1117

(quoting La Resolana Architects v. Reno, Inc., 555 F.3d 1171, 1178 (10th Cir. 2009); Country Kids 'N City Slicks v. Sheen, 77 F.3d 1280, 1284 (10th Cir. 1996).

Undisputed Facts

1. Mr. Hrisko created the materials encompassed in the Hrisko Workbook, with the assistance of Ms. Anderson. (Hrisko Workbook, Ex. E hereto, originally filed as Dkt. 35-1); First Hrisko Decl., Ex. F hereto (originally filed as Dkt. 34), ¶ 5.)

2. The Hrisko Workbook was created before Mr. Hrisko had any relationship with Plaintiff or Evolution Group. (First Hrisko Decl., Ex. F hereto.)

3. When Plaintiff terminated its contractual relationship with Mr. Hrisko, Plaintiff had possession of the electronic pdf and Power Point files that Mr. Hrisko and Ms. Anderson had created that contained the contents of the Hrisko Workbook. (Second Anderson Decl., Ex. A hereto, ¶¶ 6 and 7.)

4. The first 54 pages of the Yancey Workbook are copied from or derived from the Hrisko Workbook. (Cf. Yancey Workbook, Ex. C hereto, with Hrisko Workbook, Ex. E hereto.)

5. An additional 20 pages of the Yancey Workbook are either blank or are copied from or derived from other power point slides and materials Mr. Hrisko used before he began working with the Evolution Group.[7] (See Second Hrisko Decl., Ex. B hereto, ¶ 9.)

---

[7] In fact, Plaintiff itself has asserted that the materials in the workbooks are "substantially and strikingly familiar," has itself presented to the Court of numerous instances in which the workbooks are identical, and has argued, based on these similarities, that the works are so similar that a reasonable person would conclude that the materials in one book were copied from the other. (See Motion for Preliminary Injunction and Memorandum of Points and Authorities in Support Thereof, filed July 12, 2013, Dkt. Entry 11, at 8-19.)

**B.     Rebuttal to Plaintiff's Anticipated Argument that Plaintiff Owns the Copyright, Notwithstanding that the Materials Were Created by Mr. Hrisko, Pursuant to the Two Independent Contractor Agreements.**

Explanatory Note:  Plaintiff has asserted that it owns the copyright to materials Mr. Hrisko created pursuant to two independent contractor agreements Mr. Hrisko signed, one between Mr. Hrisko and Evolution Group in March 2011, and one between Mr. Hrisko and "the Company" (claimed to be Plaintiff) in February 2012.  Based on Plaintiff's prior assertion that the Yancey Workbook "was a work made for hire" (Dkt. 11, at 7), and the fact that Plaintiff's copyright application for the Yancey Workbook states that its book was a work for hire, it appears that Plaintiff is asserting that it owns the copyright to materials Mr. Hrisko created under the "work for hire" doctrine.  The elements of that doctrine are therefore addressed below.

       1.     <u>Elements Regarding Work for Hire Doctrine</u>.

The application of the work for hire doctrine depends in the first instance on whether the person who created the work was acting as an "employee" of another.  <u>See</u> 17 U.S.C. § 101.

If the creator of the work did so as an employee, within the scope of his or her employment, then the employer is considered the "author" of the work and owns the initial copyright.  17 U.S.C. § 201(b).

In determining whether the person was an employee, common law rules of agency apply. <u>Cmty. for Creative Non-Violence v. Reid</u>, 490 U.S. 730, 740-51, 109 S. Ct. 2166, 2173-78 (1989).

If the creator was not an employee, but an independent contractor, then the "employer" is only considered the author of the work if the following three elements are met:

       a.     The work is "specially ordered or commissioned";

  b. The work fits into one of following nine categories:

    (i) A contribution to a collective work,

    (ii) a part of a motion picture or other audiovisual work,

    (iii) a translation,

    (iv) a supplementary work,

    (v) a compilation,

    (vi) an instructional text,

    (vii) a test,

    (viii) answer material for a test, or

    (ix) an atlas; and

  c. The parties "expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." 17 U.S.C. § 101; see also Reid, 490 U.S. at 738, 109 S. Ct. at 2171; Schiller & Schmidt v. Nordisco Corp., 969 F.2d 410, 412 (7th Cir. 1992).

<u>Undisputed Facts</u>

  1. Mr. Hrisko was an independent contractor, not an employee, of Evolution Group and Plaintiff. (E.g., First Hrisko Decl., Ex. F hereto, ¶ 2; 2011 Hrisko "Independent Contractor Agreement," Ex. G hereto (originally filed as Dkt. 42-2), at 2, ¶ 12 ("The Presenter acknowledges and agrees that he/she is an independent contractor ... ."); 2012 Hrisko "Workshop Team Independent Contractor Agreement," Ex. H hereto (originally filed as Dkt. 43-2), at 3, ¶ 5 ("The parties intend that an independent contractor relationship will be created by this Agreement.").)

2. Ms. Anderson was also an independent contractor, not an employee, of Evolution Group and Plaintiff. (E.g., First Anderson Decl., Ex. I hereto, ¶ 2; 2012 Anderson "Workshop Team Independent Contractor Agreement," Ex. J hereto (originally filed as Dkt. 43-3), at 3, ¶ 5 ("The parties intend that an independent contractor relationship will be created by this Agreement.").)

3. Neither Evolution Group nor Plaintiff asked Mr. Hrisko or Ms. Anderson to create the Hrisko Workbook; instead, the Power Point slides had been created before Mr. Hrisko and Ms. Anderson began working with Evolution Group, and it was solely Mr. Hrisko's and Ms. Anderson's idea to print the slides as a written handout for seminar attendees. (First Hrisko Decl., Ex. F hereto, ¶¶ 5-7; First Anderson Decl., Ex. I hereto, ¶¶ 5-7.)

4. The Hrisko Workbook is neither (1) a contribution to a collective work, (2) a part of a motion picture or other audiovisual work, (3) a translation, (4) a supplementary work, (5) a compilation, (6) an instructional text, (7) a test, (8) answer material for a test, or (9) an atlas. (Hrisko Workbook, Ex. E hereto.)

5. Mr. Hrisko never signed a written instrument expressly agreeing that the Hrisko Workbook shall be considered a work made for hire. (Second Hrisko Decl., Ex. B hereto, ¶ 6.)

6. In prior filings, Plaintiff has cited two provisions in the Independent Contractor Agreements as a possible basis for Plaintiff's alleged copyright in the Hrisko Workbook. (See Reply in Further Supp. of Pl.'s Mot. for a Prelim. Inj., filed Aug. 19, 2013, Dkt. 41, at 5-8.)

7. Both of these agreements were signed after Mr. Hrisko (i) created the Power Point slides he used in his seminars, and (ii) compiled the Power Point slides into the written Workbook. (See First Hrisko Decl. ¶¶ 5-8 (establishing that the Power Point slides were created

11

before Hrisko and Anderson began doing seminars for Evolution Group, and that the Workbook was printed in the fall of 2010); Hrisko Independent Contractor Agreement, Ex. G hereto (showing it was signed Mar. 29, 2011); and Hrisko 2012 Workshop Team Independent Contractor Agreement, Ex. H hereto (dated Feb. 6, 2012).)

8. The paragraph Plaintiff cited from the first agreement, the 2011 Independent Contractor Agreement, does not contain any language providing that the Hrisko Workbook would be considered a work for hire. The paragraph states as follows:

> 9. Proprietary Information. The parties agree that the products, materials, internet sites, and services *of the Company* (collectively, the "Proprietary Information") are the sole, exclusive, and protected intellectual property of the Company.

(Hrisko 2011 Independent Contractor Agreement, Ex. G hereto, at 2, ¶ 9 (emphasis added).)

9. Similarly, the paragraph Plaintiff cites from the 2012 Workshop Team Independent Contractor Agreement, does not contain any language providing that the Hrisko Workbook would be considered a work for hire. To the contrary, the paragraph expressly states that Mr. Hrisko retains ownership of the copyright in materials he created and brought to EvTech:

> 7. <u>Ownership of Intellectual Property</u>. *The parties acknowledge the Intellectual Property relating to the presentation which Contractor brought to the Company are and shall be the sole and exclusive property of Contractor*. The parties also acknowledge the Intellectual Property relating to the presentation, training, product, and/or services of the Company are and shall be the sole and exclusive property of the Company. The Company may record and publish, in audio and/or video format, any presentation of Contractor under this Agreement, and may publish any notes or materials used in connection therewith or a text version of such presentation. Nothing in this Agreement shall provide Contractor any right or authorization to use any Intellectual Property or Work Product *of the Company*, including that created under this Agreement, or any of the Company's suppliers or vendors, and Contractor agrees not to use any such items.

12

(Hrisko 2012 Workshop Team Independent Contractor Agreement, Exhibit H hereto, at 13, ¶ 7 (emphasis added).)

**ARGUMENT**

**I. THE COURT CAN RULE AS A MATTER OF LAW THAT MR. HRISKO HAS THE EXCLUSIVE COPYRIGHT IN THE MATERIALS USED IN BOTH THE HRISKO WORKBOOK AND THE YANCEY WORKBOOK.**

**A. As the Author of the Work, Mr. Hrisko Owns the Copyright.**

As the Elements & Facts section makes clear, the Court can rule as a matter of law that the copyright in the contested materials belongs exclusively to Mr. Hrisko. Under the Copyright Act, copyright ownership "initially vests in the author or authors of the work."[8] As the United States Supreme Court has explained, the "author" is generally the person "who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection."[9] There is no dispute that Mr. Hrisko created the Hrisko Workbook. Therefore, Mr. Hrisko, as the person who created the materials at issue, is the author of the work and owns the copyright.

**B. The Work for Hire Doctrine Does Not Apply.**

Plaintiff has asserted, both in its copyright application and its injunction papers, that the Yancey Workbook was a "work made for hire."[10] The copyright application further states that the copyright originally belonged to Evolution Group under the work for hire doctrine, and then

---

[8] 17 U.S.C. § 201(a).
[9] Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 737, 109 S. Ct. 2166, 2171 (1989); see also Huebbe v. Oklahoma Casting Co., 663 F. Supp. 2d 1196, 1201-02 (D. Okla. 2009).
[10] See Mot. for Prelim. Inj., Dkt. 11, at 7; EvTech Copyright Application, Ex. K hereto, at 3; EvTech Certificate of Registration, Ex. L hereto.

13

was transferred to Plaintiff pursuant to a written agreement.[11] But the Court can reject as a matter of law any contention by Plaintiff that the work for hire doctrine gives it, and not Mr. Hrisko, the copyright to the contested work, as the undisputed evidence establishes that Mr. Hrisko plainly did not create the Workbook as a work for hire.

As established in the Elements & Facts section, Mr. Hrisko was never an employee of either Evolution Group or Plaintiff. Therefore, under the plain language of the Copyright Act, Evolution Group could not be considered the "author" of the work under the work for hire doctrine unless (1) the work was "specially ordered or commissioned" by Evolution Group, (2) the work falls into one of the nine categories listed above, *and* (3) the parties "expressly agree in a written instrument signed by them that the work shall be considered a work made for hire."[12]

As a matter of law, Evolution Group cannot satisfy these three requirements. In fact, Evolution Group cannot satisfy any of them.

First, as a preliminary note, the evidence is undisputed that the work, including both the original Power Point slides and the written form known as the Hrisko Workbook, was created before either of the Independent Contractor Agreements were signed. Thus, as a matter of law, Plaintiff cannot satisfy the three requirements for a work for hire, as courts recognize that one logical consequence of the work-for-hire elements is that the agreement relied on to satisfy the elements must be made before the work is created.[13]

But even if either of the agreements had been signed before Mr. Hrisko created the Workbook, Plaintiff still could not prove the elements of the work-for-hire doctrine. It is

---

[11] See Ex. G, Independent Contractor Agreement.
[12] 17 U.S.C. § 101.
[13] See Playboy Enters. v. Dumas, 53 F.3d 549, 559 (2d Cir. 1995); Schiller & Schmidt, 969 F.2d at 412-13.

undisputed that neither Evolution Group or Plaintiff "specially ordered" or "commissioned" the Workbook.  It is also undisputed that the Workbook does not fall into one of the nine categories that qualify for work-for-hire treatment if created by an independent contractor.  And, finally, it is undisputed that neither the 2011 Independent Contractor Agreement, nor the 2012 Workshop Team Independent Contractor Agreement contains any language by which Mr. Hrisko "expressly agree[d] . . . that the work shall be considered a work made for hire."[14]

Contrary to arguments Plaintiff has raised elsewhere, both of the agreements signed confirm that Mr. Hrisko, and not Plaintiff, retained ownership of all copyrights in the materials at issue.[15]  The very language Plaintiff quotes from the 2011 Agreement, between Mr. Hrisko and Evolution Group, states that Mr. Hrisko only agreed that *if* Evolution Group provided him with materials, such materials would remain Evolution Group property:  "The parties agree that the products, materials, internet sites, and services *of the Company* . . . are the sole exclusive and protected intellectual property of the Company."[16]  This is clearly insufficient to meet the demanding requirements of the work for hire doctrine under the Copyright Act.  No other language in the 2011 Agreement even suggests that Mr. Hrisko agreed to relinquish *his own* intellectual property rights, to Evolution Group or anyone else.

Plaintiff's claim fares no better if based on the 2012 Agreement, between Mr. Hrisko and "the Company."  (Ex. H.)  Assuming *arguendo* that Plaintiff is a party to the Workshop Team Independent Contractor Agreement, once again the very paragraph that Plaintiff has relied on

---

[14] 17 U.S.C. § 101.
[15] Reply at 4-8.
[16] Id. at 5 (quoting Evolution Group Agreement, Dkt. 42-2, ¶ 9 (emphasis added)).

actually confirms that Plaintiff agreed that Mr. Hrisko still owns the copyright for the Hrisko Workbook:

> <u>Ownership of Intellectual Property.</u> ***The parties acknowledge the Intellectual Property relating to the presentation which Contractor brought to the company are and shall be the sole and exclusive property of Contractor.*** The parties also acknowledge the Intellectual Property relating to the presentation, training, product, and/or services of the Company are and shall be the sole and exclusive property of the Company. The Company may record and publish, in audio and/or video format, any presentation of Contractor under this Agreement, and may publish any notes or materials used in connection therewith or a text version of any such presentation. Nothing in this Agreement shall provide Contractor any right or authorization to use any Intellectual Property or Work Product of the Company, including that created under this Agreement, or of any of the Company's suppliers or vendors, and Contractor agrees not to use any such items.[17]

Thus, the "Company" explicitly agreed that Mr. Hrisko's intellectual property, including his copyright for the Hrisko Workbook, remained his property.[18]

Indeed, it is not even clear why Plaintiff brought up those contracts. As noted above, Plaintiff has not attempted to show that Mr. Hrisko created the materials as a work made for hire, nor has Plaintiff argued that Mr. Hrisko formally assigned the copyright ownership to Plaintiff or its predecessor. Thus, even if it were somehow possible to construe one of the agreements to say what Plaintiff wants, the result would still be the same: Under the Copyright Act, Mr. Hrisko is the owner of the copyright in the materials at issue, including the Hrisko Workbook and the substantial parts of the Hrisko Workbook that *Plaintiff* copied and is using as its own without permission.

---

[17] Workshop Team Independent Contractor Agreement ¶ 7, Ex. H hereto, <u>quoted in</u> Reply at 7.
[18] <u>Id.</u> at 1.

### C. Mr. Hrisko Did Not Assign His Copyrights to Plaintiff.

In a supplemental memorandum filed on September 6, Plaintiff argued, for the first time, that it owns the copyright to the workbooks through an *assignment*.[19] It is unclear whether Plaintiff has abandoned its first two theories, i.e., (1) that Plaintiff owns the copyright because Evolution Group created and published the "Yancey Events Three Day Workshop" workbook in July 2011,[20] and (2) that Mr. Hrisko created the materials, but he did so as a work for hire. Nevertheless, this theory fails as well.

Under the Copyright Act, an assignment is not valid unless it is in writing.[21] Plaintiff insists that the two Independent Contractor Agreements operate as an assignment, but the plain language of the agreements belies that argument. The first agreement merely states that whatever the Company owns would remain the property of the Company. Since the Company did not own the copyrights to the Hrisko Workbook, that provision obviously cannot operate as an assignment of Mr. Hrisko's rights to it. And as quoted above, the second agreement makes clear that Mr. Hrisko was <u>not</u> assigning any of his own intellectual property rights to the Plaintiff. Instead, the intellectual property relating to the "presentation which Contractor brought to the company" was to remain "the sole and exclusive property of Contractor."[22] Once again, the Court can interpret the plain language of these documents as a matter of law.

---

[19] See Dkt. 51.
[20] This representation from Plaintiff's Copyright Application cannot be accurate. It is undisputed that Plaintiff did not begin presenting seminars under the Yancey brand until 2012.
[21] See 17 U.S.C. 204 ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.").
[22] Workshop Team Independent Contractor Agreement, Ex. H hereto, ¶ 7.

## CONCLUSION

In sum, Mr. Hrisko had the initial copyright in the Hrisko Workbook as author, and never agreed that the copyright would belong to Plaintiff through the Evolution Group Agreement or the Workshop Team Independent Contractor, or any other way.  And because Mr. Hrisko still owns the copyright to the Hrisko Workbook, which Plaintiff's Workbook copies almost in its entirety, (i) Plaintiff cannot prevail on the merits of its copyright infringement claim against the Defendants, and (ii) Mr. Hrisko is entitled to a ruling as a matter of law that Plaintiff's continued use of the Yancey Workbook infringes on Mr. Hrisko's copyright.

DATED: September 9, 2013.

ANDERSON & KARRENBERG

*/s/ John A. Bluth*
Stephen P. Horvat
Heather M. Sneddon
John A. Bluth
**Attorneys for Defendants**

## **EXHIBIT INDEX**

A. Second Decl. of Lisa Anderson

B. Second Decl. of Mark Hrisko

C. Yancey Workbook

D. Hrisko Certificate of Registration

E. Hrisko Workbook

F. First Decl. of Mark Hrisko

G. Independent Contractor Agreement

H. Hrisko 2012 Workshop Team Independent Contractor Agreement

I. First Decl. of Lisa Anderson

J. Anderson 2012 Workshop Team Independent Contractor Agreement

K. EvTech Copyright Application

L. EvTech Certificate of Registration

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2013, I caused a true and correct copy of the foregoing **ZURIXX DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** to be served via CM/ECF, to the following:

Brent P. Lorimer
Thomas R. Vuksinick
David R. Todd
Matthew A. Barlow
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah  84111
**Attorneys for Plaintiff**


*/s/ John A. Bluth*